EXHIBIT C1

FILED
DALLAS COUNTY
4/25/2017 11:27:20 AM
FELICIA PITRE
DISTRICT CLERK
David Hernandez

DC-17-04787

CAUSE NO. _____

| | | |
|---|---|---|
| **CLAYTON BENNETT, II;** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | **DALLAS COUNTY, TEXAS** |
| | § | |
| **JAMES RIVER INSURANCE** | § | |
| **COMPANY;** | § | |
| | § | |
| | § | |
| **Defendant.** | § | **_____ JUDICIAL DISTRICT** |

### PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE, FIRST SET OF INTERROGATORIES, FIRST REQUEST FOR ADMISSIONS, FIRST REQUEST FOR PRODUCTION AND REQUEST FOR PRIVILEGE LOG <u>TO DEFENDANT</u>

Plaintiff Clayton Bennett, II files Plaintiff's Original Petition complaining of

Defendant James River Insurance Company.

### I.  DISCOVERY CONTROL PLAN

Discovery is intended to be conducted under Level 3 pursuant to Rule 190

of the TEXAS RULES OF CIVIL PROCEDURE.

### II.  RULE 47 PLEADING REQUIREMENTS

As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff's

counsel states that the damages sought are in an amount within the

jurisdictional limits of this Court.  As required by Rule 47(c), Texas Rules of Civil

Procedure, Plaintiff's counsel states that Plaintiff seeks monetary relief of over

$100,000, but not more than $200,000.  The amount of monetary relief actually

awarded, however, will ultimately be determined by a jury.  Additionally, Plaintiff

seeks non-monetary relief by way of a declaratory judgment. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

## III. PARTIES

Plaintiff Clayton Bennett, II is an individual resident of Desoto, Dallas County, Texas. His driver's license number is *****780 and his social security number is ***-**-*480.

Defendant James River Insurance Company is a foreign insurance company licensed to do business in the State of Texas, and said corporation is engaged in writing insurance in Texas. Defendant James River Insurance Company may be served with process at P.O. Box 27648, Richmond VA 23261-7648.

## IV. JURISDICTION AND VENUE

The court has jurisdiction over the cause because the amount in controversy is within the jurisdictional limits of the court.

This Court has venue over the parties to this action since Plaintiff's residence at the time of the incident was located in Dallas County, Texas. Venue therefore is proper in Dallas County, Texas pursuant to the TEXAS INSURANCE CODE, SEC.1952.110.

## V.  FACTS

This is a suit for contractual benefits due to Plaintiff Clayton Bennett, II as a result of a motor vehicle collision that occurred on Monday, June 22, 2015, at 2400 U.S. Highway 75/North Central Expressway near 3000 North Glenville Drive in Richardson, Collin County, Texas.  Plaintiff Clayton Bennett, II was operating his vehicle northbound on the east frontage road of U.S. Highway 75/North Central Expressway.  An underinsured driver, Cole Sotzen, was operating his vehicle behind Plaintiff's vehicle in the same lane and headed in the same direction.  Cole Sotzen failed to control his speed colliding hard with the back of Plaintiff's vehicle.  As a result of the collision, Plaintiff was injured and continues to suffer injuries and damages from this incident.

## VI.  CAUSES OF ACTION

### A.    NEGLIGENCE – COLE SOTZEN

At the time in question, Clayton Bennett, II was acting in a reasonable and prudent manner when Cole Sotzen, an underinsured motorist, committed a number of acts of negligence during the operation and use of a motor vehicle, which served as a proximate cause of the motor vehicle collision and injuries complained of herein.  Cole Sotzen's acts of negligence were as follows:

   a.    Cole Sotzen failed to keep such proper lookout and attention to the roadway as a person of ordinary prudence would have kept under the same or similar circumstances;

   b.    Cole Sotzen failed to control the speed of his vehicle;

   c.    Cole Sotzen failed to keep an assured safe distance from Plaintiff's vehicle;

     d.     Cole Sotzen failed to timely apply the brakes of his vehicle in order to avoid the collision in question; and

     e.     Cole Sotzen failed to turn his vehicle in an effort to avoid the collision.

**B.    DECLARATORY JUDGMENT ACTION AGAINST DEFENDANT JAMES RIVER INSURANCE COMPANY**

Plaintiff asserts that all conditions precedent to the bringing of these causes of action have been performed or have occurred prior to the filing of the causes of action at bar.

At all relevant times, Plaintiff was insured under an automobile insurance policy with Defendant James River Insurance Company, Claim No. 90008949, which insured Plaintiff in the event he was damaged or injured by the negligence of an underinsured motorist.  Plaintiff has complied with all the terms and conditions of the policy prior to bringing this action.  Plaintiff would show that at the time of trial of this matter he will offer into evidence a copy of said policy, unless the original of the same is produced by Defendant James River Insurance Company, at said trial.  In this regard, Plaintiff would show that Cole Sotzen was in fact an underinsured motorist as defined by law and the policy in question.

Plaintiff presented his claim for underinsured motorist benefits under the contract of insurance with James River Insurance Company.  Plaintiff pleads that all conditions precedent to filing suit have been complied with, including the statutory notice provision.  Plaintiff presented to Defendant a demand for payment of his claim under the policy.  In response to Plaintiff's demand for the

policy limits Defendant declined to make an offer of settlement of Plaintiff's claim under the underinsured motorists provision of the Insurance Policy.

Plaintiff asserts his claim under Texas Civil Practice and Remedies Code 37.001, *et seq.* to have their rights, status, and other legal relationships under the Insurance Policy they purchased from Defendant James River Insurance Company established by a court of competent jurisdiction.  Plaintiff seeks a declaration from the Court that:

A.     The negligence of Cole Sotzen in that automobile wreck was the proximate cause of bodily injuries and damages to Plaintiff, which injuries include the following:

1.     Plaintiff's past medical expenses, which are reasonable and customary for the medical care received by Plaintiff;

2.     Plaintiff's future medical expenses;

3.     Plaintiff's lost wages in the past and loss of earning capacity in the future;

4.     Plaintiff's physical pain and suffering in the past and future in an amount to be determined by the jury;

5.     Plaintiff's mental anguish in the past and future in an amount to be determined by the jury; and

6.     Plaintiff's physical impairment in the past and future in an amount to be determined by the jury.

B.     Plaintiff's claim for underinsured motorist benefits under Claim No. 90008949, (hereafter the "Insurance Policy") as a result of a car wreck that occurred on June 22, 2015, is covered under the Insurance Policy.

C.     Plaintiff also seeks a declaration determining the amount of underinsured motorist benefits that he is entitled to recover from Defendant James River Insurance Company after all applicable set-offs and credits, for each of the following elements of damages covered under the Insurance Policy:

1.     Plaintiff's past medical expenses, which are reasonable and customary for the medical care received by Plaintiff;

2.     Plaintiff's future medical expenses;

3.     Plaintiff's lost wages in the past and loss of earning capacity in the future;

4.     Plaintiff's physical pain and suffering in the past and future in an amount to be determined by the jury;

5.     Plaintiff's mental anguish in the past and future in an amount to be determined by the jury; and

6.     Plaintiff's physical impairment in the past and future in an amount to be determined by the jury.

Pursuant to §37.009 of the Texas Civil Practice and Remedies Code, Plaintiff seeks all costs and reasonable and necessary attorneys' fees, as are equitable and just, which are incurred or which may be incurred in this matter including all such fees and expenses:

a.     For preparation and trial;

b.     For an appeal to the Court of Appeals;

c.     For making or responding to an application for writ of error to the Supreme Court of Texas; and

d.     If application for writ of error is granted by the Supreme Court of Texas.

Plaintiff now asks the Court, pursuant to the Texas Declaratory Judgments Act §37.001 *et. seq.*, for a declaration that his injuries and damages fall within the coverage of the Insurance Policy issued by Defendant James River Insurance Company and for a declaration of their rights to such benefits and judgment against Defendant James River Insurance Company.

## VII.  DECLARATORY RELIEF

Plaintiff asserts claims under Texas Civil Practice and Remedies Code 37.001, *et seq.* to have his rights, status, and other legal relationships under the Insurance Policy he purchased from Defendant James River Insurance Company, established by a court of competent jurisdiction.  Plaintiff seeks a declaration from the Court that:

A.     The negligence of Cole Sotzen in that automobile wreck was the proximate cause of bodily injuries and damages to Plaintiff, which injuries include the following:

1.     Reasonable and necessary health care expenses incurred in the past;

2.     Reasonable and necessary health care expenses, which in all reasonable probability, will be incurred in the future;

3.     Lost wages in the past and loss of earning capacity in the future;

4.     Physical pain and suffering in the past;

5.     Physical pain and suffering which, in all reasonable probability, will be endured in the future;

6.     Mental anguish suffered in the past;

7.      Mental anguish which, in all reasonable probability, will be suffered in the future;

8.      Physical impairment suffered in the past; and

9.      Physical impairment which, in all reasonable probability, will be suffered in the future.

B.      Plaintiff's claim for underinsured motorist benefits under Claim No. 90008949, (hereafter the "Insurance Policy") as a result of a car wreck that occurred on June 22, 2015, is covered under the Insurance Policy;

C.      Plaintiff also seeks a declaration determining the amount of underinsured motorist benefits that he is entitled to recover from Defendant James River Insurance Company, after all applicable set-offs and credits, for each of the following elements of damages covered under the Insurance Policy:

1.      Reasonable and necessary health care expenses incurred in the past;

2.      Reasonable and necessary health care expenses, which in all reasonable probability, will be incurred in the future;

3.      Lost wages in the past and loss of earning capacity in the future;

4.      Physical pain and suffering in the past;

5.      Physical pain and suffering which, in all reasonable probability, will be endured in the future;

6.      Mental anguish suffered in the past;

7.      Mental anguish which, in all reasonable probability, will be suffered in the future;

8.      Physical impairment suffered in the past; and

9.      Physical impairment which, in all reasonable probability, will be suffered in the future.

Pursuant to §37.009 of the Texas Civil Practice and Remedies Code, Plaintiff seeks all costs and reasonable and necessary attorneys' fees, as are equitable and just, which are incurred or which may be incurred in this matter including all such fees and expenses:

    a.    For preparation and trial;

    b.    For an appeal to the Court of Appeals;

    c.    For making or responding to an application for writ of error to the Supreme Court of Texas; and

    d.    If application for writ of error is granted by the Supreme Court of Texas.

Plaintiff now asks the Court, pursuant to the Texas Declaratory Judgments Act §37.001 *et. seq.*, for a declaration that his injuries and damages fall within the coverage of the Insurance Policy issued by Defendant James River Insurance Company and for a declaration of his rights to such benefits and judgment against Defendant.

## VIII.  DAMAGES

Plaintiff alleges that as a direct and proximate result of the conduct and negligent acts and omissions of the underinsured motorist, Plaintiff is entitled to recover at least the following damages from Defendant James River Insurance Company:

    a.    Reasonable and necessary health care expenses incurred in the past;

    b.    Reasonable and necessary health care expenses, which in all reasonable probability, will be incurred in the future;

  c.  Lost wages in the past and loss of earning capacity in the future;

  d.  Physical pain and suffering in the past;

  e.  Physical pain and suffering which, in all reasonable probability, will be endured in the future;

  f.  Mental anguish suffered in the past;

  g.  Mental anguish which, in all reasonable probability, will be suffered in the future;

  h.  Physical impairment suffered in the past; and

  i.  Physical impairment which, in all reasonable probability, will be suffered in the future.

## IX.  ATTORNEYS' FEES

Because of the conduct of Defendant, Plaintiff has been forced to engage the services of an attorney to prosecute this action.  Plaintiff is entitled to recover a reasonable sum for the necessary services of the attorneys in the preparation and trial of this action and for any appeals to the court of appeals or the Texas Supreme Court.  Therefore, an award of reasonable attorneys' fees is authorized by §37.009 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE.

## X.  INTEREST

Plaintiff is also entitled to pre-judgment and post-judgment interest and costs of Court as allowed by law.

## XI.  U.S. LIFE TABLES

Notice is hereby given to the Defendant that Plaintiff intends to use the U.S. Life Tables as prepared by the Department of Health and Human Services.

## XII.  JURY TRIAL

Plaintiff demands a trial by jury and includes the appropriate jury fees.

## XIII.  REQUEST FOR DISCLOSURE

Pursuant to Rule 194 of the TEXAS RULES OF CIVIL PROCEDURE the

Defendant is requested to disclose, within fifty (50) days of service of this

request, the information or material described in Rule 194.2 (a)-(l).

## XIV.  DISCOVERY DOCUMENTS

Contemporaneously with this petition, Plaintiff serves to Defendant

Plaintiff's First Set of Interrogatories, First Request for Admissions, and First

Request for Production to Defendant.

## XV.  PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that

Defendant be cited to appear and answer herein, and that upon final hearing

thereof, Plaintiff recover judgment against Defendant for:

1.  Plaintiff's past medical expenses, which are reasonable and customary for the medical care received by Plaintiff;

2.  Plaintiff's future medical expenses;

3.  Plaintiff's lost wages in the past and loss of earning capacity in the future;

4.  Plaintiff's physical pain and suffering in the past and future in an amount to be determined by the jury;

5.  Plaintiff's mental anguish in the past and future in an amount to be determined by the jury;

6.  Plaintiff's physical impairment in the past and future in an amount to be determined by the jury;

7.      Interest on the judgment at the legal rate from the date of judgment;

8.      Pre-judgment interest on Plaintiff's damages as allowed by law;

9.      All costs of court; and

10.     Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**EBERSTEIN & WITHERITE, LLP**


BY:  */s/ Rachel Hatten Adams*
**RACHEL HATTEN ADAMS**
State Bar No. 24101883
rachel.hatten@ewlawyers.com
**AMY K. WITHERITE**
State Bar No. 00788698
amy.witherite@ewlawyers.com
10440 N. Central Expressway
Suite 400
Dallas, TX 75231-2228
214/378-6665
214/378-6670 (fax)

**ATTORNEYS FOR PLAINTIFF**

CAUSE NO. _____

| | | |
|---|---|---|
| **CLAYTON BENNETT, II;** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | **DALLAS  COUNTY, TEXAS** |
| | § | |
| **JAMES RIVER INSURANCE** | § | |
| **COMPANY;** | § | |
| | § | |
| | § | |
| **Defendant.** | § | **_____ JUDICIAL DISTRICT** |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES, FIRST REQUEST FOR ADMISSIONS, AND FIRST REQUEST FOR PRODUCTION TO DEFENDANT

TO:    Defendant, James River Insurance Company.

Plaintiff Clayton Bennett, II propounds Plaintiff's First Set of Interrogatories, First Request for Admissions, First Request for Production, and Request for Privilege Log to Defendant James River Insurance Company pursuant to the Texas Rules of Civil Procedure to be answered by Defendant within fifty (50) days of the date of service.

Respectfully submitted,

**EBERSTEIN & WITHERITE, LLP**

BY: */s/ Rachel Hatten Adams*
**RACHEL HATTEN ADAMS**
State Bar No. 24101883
rachel.hatten@ewlawyers.com
**AMY K. WITHERITE**
State Bar No. 00788698
amy.witherite@ewlawyers.com
10440 N. Central Expressway
Suite 400
Dallas, TX 75231-2228
214/378-6665
214/378-6670 (fax)

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this document has been

served to the Defendant James River Insurance Company along with Plaintiff's

Original Petition and Request for Disclosure.

*/s/ Rachel Hatten Adams*
**Rachel Hatten Adams**

## INTERROGATORIES

Plaintiff, pursuant to TRCP 197, serves the attached Interrogatories to be propounded to Defendant.  These questions are being served upon you, the Defendant, James River Insurance Company, and you are notified that Plaintiff specifies that the answers shall be served fifty (50) days after service of this request.  These interrogatories shall be answered separately and fully in writing under oath and signed by the person making them.

## INSTRUCTIONS

1.      The Interrogatories are to be answered separately and fully in writing, be signed under oath, and delivered to the Plaintiff's counsel within fifty (50) days after service hereof.  The answers shall be preceded by the question or interrogatory to which the answer pertains.

2.      These Interrogatories seek answers current to the date of response. Pursuant to the Rules, you are under a duty to supplement your answers, and these Interrogatories shall be deemed continuing in nature to require such supplementation of all additional information as may hereafter be obtained by you, or by any person on your behalf, between the time answers are served and the time of trial.

3.      If any answer is refused in whole or in part on the basis of a claim of privilege or exemption, state the following: (a) the nature of the privilege/exemption claimed; (b) the general nature of the matter withheld (e.g., substance of conversation of the withheld information, name of originator); (c) name(s) of person(s) to whom the information has been imparted; and (d) the extent, if any, to which the information will be provided subject to the privilege/exemption.

## DEFINITIONS

1.      "You," and "Your," and "Defendant" mean Defendant, James River Insurance Company, as captioned in Plaintiff'sOriginal Petition, and all other person or entities acting on your behalf and all employees who work on your behalf in the course and scope of your employment and in furtherance of your business.  "You" also includes any agent that acts on your behalf.

2.    "Lawsuit" and "case" refer to this lawsuit filed in the District Court of Dallas County, Texas.

3.    "Person" and "witness" means the plural as well as the singular and includes: natural persons, governmental agencies, municipalities, departments, units, or any subdivisions, corporations, firms, associations, partnerships, joint ventures, or any other form of business entity.

4.    The terms "and" and "or" as used herein are to be interpreted both disjunctively and conjunctively.

5.    "Document" and "documents" as used herein shall mean the original and each non-identical copy (whether different from the original because of marginal notes, or other material inserted therein, or attached thereto or otherwise) written or graphic matter, however produced or reproduced, whether sent or received, or neither, including drafts and both sides thereof, and including, but not limited to, printed, typewritten, emails and computer printed or written matter, and mechanical, magnetic and electronic recordings and shall include, without limitation, letters, telegrams, cablegrams, telex messages, TWX messages, correspondence, notations, work papers, transcripts, corporate books or minutes, reports, memoranda studies, summaries, agendas, bulletins, records of telephone or other conversations, or of interviews, conferences or other meetings, maps, charts, plans, specifications, diagrams, photographs, affidavits, statements, statistical diagrams, records, lists, tabulations, memoranda, notes, diaries, calendars, calendar, pads, newspaper clippings, appointment books or records, reports, worksheets, printed business forms, expense account reports or records, contracts, agreements, accounting records (including loan history), promissory notes, security agreements, pledge agreements, guaranties, loan agreements, credit reports, loan applications, financial statements, loan memoranda, private placement memoranda, bank statements, certificates of deposit, letters of credit, bids, quotations, proposals, bills, invoices, statements and other books, records, papers, copies, and drafts and proposed forms of any of such items or matters, or tapes, disks, sound records, computer printouts, data processing input and output, microfilm, microfiche, all other records kept by electronic, photographic, or mechanical means, and items similar to all of the foregoing which were prepared by you or for you, or which are in or subject to your possession, custody, or control. The term "document" shall also include all "writings and recordings" as defined by Rule 1001 of the Texas Rules of Civil Evidence.  If any tape, disk, card, wire, or other electronic or mechanical recording or transcript or any computer program is produced, you shall also produce such documents as are necessary for decoding, playing back, printing out, and/or interpretation thereof, and any other documents

which are necessary to convert such information into a useful and usable format.  If you can demonstrate that the original is unavailable, the terms "document" and "documents" shall also include a copy of the original.

6.     "Identify," as used herein with respect to a person, means to provide the name, address, and telephone number of such person.

7.     "Identify," as used herein with respect to a document, means to state with respect to such document sufficient detail to permit another party to this lawsuit to locate and identify as readily as can you, such document.  Such information and detail might include for each document: (i) the name of the person who prepared it, (ii) the name of the person who signed it, or over whose name it was issued, (iii) the name of each person to whom it was addressed and/or sent or distributed, (iv) the general type of such documents (e.g., letter, memorandum, contract, etc.), (v) the date of such document, or if it bears no date, the date on or about which it was made or prepared, (vi) the physical location of such document, and (vii) the name and address of the persons having possession, custody, or control of such document.  In lieu of providing such information and detail, you may attach such document to your answer to these Interrogatories and indicate for which Interrogatory each document is applicable.

8.     **"Plaintiff"** means the Plaintiff captioned and identified in Plaintiff's Original Petition filed in this matter.

9.     "Negligence" means failure to use ordinary care; that is, failure to do that which a person of ordinary prudence would have done under the same or similar circumstances, or doing that which a person of ordinary prudence would not have done under the same or similar circumstances.

10.    "Ordinary Care" means that degree of care, which would be used by a person of ordinary prudence under the same or similar circumstance.

11.    "Proximate Cause" means a cause that was substantial factor in bringing about an event, and without which cause such event would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using *ordinary care* would have foreseen that the event, or some similar event, might reasonably result therefrom.  There may be more than one proximate cause of an event.

12.    The "collision," "collision in question," or "incident in question" refers to the vehicle collision on Monday, June 22, 2015 on 2400 U.S. Highway 75/North Central Expressway near 3000 North Glenville Drive in Richardson, Collin County, Texas.

## **INTERROGATORIES**

**INTERROGATORY NO. 1:**        For each request for production filed by Plaintiff in this action, identify each document that you withheld from production under any claim of privilege or other immunity, and for each such document or thing, state the nature of the privilege or immunity claimed.

## **ANSWER:**

**INTERROGATORY NO. 2:**        State those facts that you contend refute Plaintiff's claims or substantiate any defense or claim of yours.

## **ANSWER:**

**INTERROGATORY NO. 3:**        If you intend to attempt to impeach Plaintiff, Plaintiff's employees, agents, representatives, attorneys or any other natural persons or business or legal entities associated with in any way, acting or purporting to act for or on behalf of Plaintiff, with evidence of a criminal conviction, if any, please describe in detail such evidence, including but not limited to the name of the accused, nature of conviction and charges on which convicted, year of conviction and whether or not parole has been successfully completed or pardon granted.

## **ANSWER:**

**INTERROGATORY NO. 4:**        If you claim your name has not been correctly stated in this lawsuit or that you are not liable in the capacity in which you have been sued, please provide your correct legal name and the capacity, if any, which you contend you should have been named in this lawsuit.

## **ANSWER:**

**INTERROGATORY NO. 5:**        If Defendant Insurer contends that Plaintiff did not comply with any provisions of The Insurance Policy to bring this lawsuit against Defendant Insurer, specifically identify each provision of The Insurance Policy, and state the basis of such contention.

## **ANSWER:**

**INTERROGATORY NO. 6:**        If you contend that The Insurance Policy had been cancelled or for any other reason was not in force and in effect at the time of the wreck which forms the basis of this lawsuit or that Defendant Insurer has a basis to contest coverage of Plaintiff's claims which form the basis of this lawsuit, please state the basis of such contention and specifically identify each portion of

The Insurance Policy, if any, under which Defendant Insurer is contesting coverage.

**ANSWER:**

**INTERROGATORY NO. 7:**        If you contend that Cole J. Sotzen was not an underinsured motorist at the time of the wreck which forms the basis of this lawsuit, please provide the following information:

        A.      Identify each liability bond and/or insurance policies which may provide liability coverage to Cole J. Sotzen by stating the name, address, telephone number of each insurer/bond company which may insure or bond Cole J. Sotzen for any damages sustained by Plaintiff in the wreck which forms the basis of this lawsuit and include the policy number, claim number and amount of coverage you contend is available under each such policy.

        B.      Provide any additional factual basis for your contentions, if any, that Cole J. Sotzen does not qualify as an "underinsured motorist."

**ANSWER:**

**INTERROGATORY NO. 8:**        Provide a brief, general explanation of Defendant Insurer's contentions of how the wreck in question occurred.

        (Include in your explanation, your understanding of each person and/or factor you contend is legally responsible for causing the occurrence and a brief, general statement of facts of why you contend such person(s) or factor(s) caused or contributed to the cause of the wreck.)

**ANSWER:**

**INTERROGATORY NO. 9:**        In addition to any witness statements which have been requested by Plaintiff pursuant to a Request for Disclosure under Rule 194.2(i) of the Texas Rules of Civil Procedure, please describe any other statements which Defendant Insurer claims Plaintiff has made that you contend are relevant to this lawsuit.

**ANSWER:**

**INTERROGATORY NO. 10:**        Identify all witnesses to the wreck which forms the basis of this lawsuit of which Defendant Insurer is aware.

**ANSWER:**

**PLAINTIFF'S FIRST SET OF INTERROGATORIES, FIRST REQUEST FOR ADMISSIONS, FIRST REQUEST FOR PRODUCTION, AND REQUEST FOR PRIVILEGE LOG TO DEFENDANT JAMES RIVER INSURANCE COMPANY** – **Page 7**

**INTERROGATORY NO. 11:**       If Defendant Insurer or its representatives have obtained copies of Plaintiff's employment records, medical records or insurance records other than the records provided by Plaintiff to Defendant Insurer or its representatives, please identify the name of each employer, medical provider and insurer from whom such records were obtained and the date such records were obtained.

**ANSWER:**

**INTERROGATORY NO. 12:**       Provide a brief, general explanation of Defendant Insurer's contentions of the injuries, if any, which Defendant Insurer contends that Plaintiff sustained as a result of the wreck which forms the basis of this lawsuit. If the Defendant Insurer contends that Plaintiff was not injured at all, then state "none" in your answer to indicate your contention.

**ANSWER:**

**INTERROGATORY NO. 13:**       With regard to each vehicle involved in the wreck, which forms the basis of this lawsuit, please state the following:

      A.      Describe generally the areas and extent of damage;

      B.      State the amount of money Defendant Insurer contends it cost or would have cost to repair the vehicle; and

      C      Are you aware of any photographs taken of the damage to the vehicle.

**ANSWER:**

**INTERROGATORY NO. 14:**       For each element of damage listed below, please state the amount, if any, of compensation Defendant Insurer contends would fairly and reasonably compensate Plaintiff for the injuries sustained as a result of the wreck which forms the underlying basis of this lawsuit.

      a.  Reasonable expenses of necessary medical care in the past:
        _____

      b.  Physical pain and suffering and mental anguish in the past:
        _____

      c.  Physical impairment in the past.
        _____

**ANSWER:**

     a.  Reasonable expenses of necessary medical care in the past:
_____

     b.  Physical pain and suffering and mental anguish in the past:
_____

     c.  Physical impairment in the past.
_____

**INTERROGATORY NO. 15:**    In addition to the damages, if any, listed by Defendant Insurer in answer to the previous Interrogatory, do you acknowledge that The Insurance Policy will also pay Plaintiff's damages, if any, that will, in reasonable probability, be incurred in the future which are related to the wreck which forms the underlying basis of this lawsuit.

If your answer is "Yes," for each element of damage listed below please state the amount, if any, of compensation Defendant Insurer contends Plaintiff will, in reasonable probability incur in the future which are related to the wreck which forms the underlying basis of this lawsuit.

     a.  Reasonable expenses of necessary medical care in the future:
_____

     b.  Physical pain and suffering and mental anguish in the future:
_____

     c.  Physical impairment in the future:
_____

**ANSWER:**

     a.  Reasonable expenses of necessary medical care in the future:
_____

     b.  Physical pain and suffering and mental anguish in the future:
_____

     c.  Physical impairment in the future:
_____

**INTERROGATORY NO. 16:**      If Defendant Insurer contends that the injuries or damages alleged by Plaintiff were caused, in whole or in part, by an event other than the wreck which forms the basis of this lawsuit, please identify each such alleged event by date and generally describe each such event or occurrence by category such as "Motor Vehicle Accident" or other general category of incident or description.

**ANSWER:**

**INTERROGATORY NO. 17:**      Describe all agreements between Defendant Insurer and Cole J. Sotzen or his representatives.

**ANSWER:**

<div align="center">

### REQUEST FOR ADMISSIONS

</div>

Pursuant to Rule 198 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff serves the following Request for Admissions to Defendant James River Insurance Company.  Defendant is requested to respond fully, in writing, and in accordance with Rule 198 of the TEXAS RULES OF CIVIL PROCEDURE.  The admissions requested are to be responded to fifty (50) days after service of this request.  The failure to answer within the prescribed period may result in the Admissions being deemed admitted by the aforementioned Court.  If you fail to admit a matter upon which Plaintiff later has to prove at his expense, you may have to pay for the costs of such proof if you do not have good cause for admitting the request when such request was served.

**ADMISSION NO. 1:**      Plaintiff's correct legal name is Clayton Bennett, II.

**RESPONSE:**

**ADMISSION NO. 2:**      Defendant's correct legal name is James River Insurance Company.

**RESPONSE:**

**PLAINTIFF'S FIRST SET OF INTERROGATORIES, FIRST REQUEST FOR ADMISSIONS, FIRST REQUEST FOR PRODUCTION, AND REQUEST FOR PRIVILEGE LOG TO DEFENDANT JAMES RIVER INSURANCE COMPANY – Page 10**

**ADMISSION NO. 3:**          Venue of this case is appropriate in Dallas County, Texas.

**RESPONSE:**

**ADMISSION NO. 4:**          Defendant has been served and has appeared before the court.

**RESPONSE:**

**ADMISSION NO. 5:**          On June 22, 2015, Plaintiff Clayton Bennett, II, was involved in a wreck that occurred in Richardson, Collin County, Texas.

**RESPONSE:**

**ADMISSION NO. 6:**          At the time of the wreck, Cole J. Sotzen was the driver of the vehicle that collided with Plaintiff's vehicle.

**RESPONSE:**

**ADMISSION NO. 7:**          The cause of the wreck was Cole J. Sotzen's negligent operation of his motor vehicle.

**RESPONSE:**

**ADMISSION NO. 8:**          The cause of the wreck was not Cole J. Sotzen's negligent operation of his motor vehicle.

**RESPONSE:**

**ADMISSION NO. 9:**          Cole J. Sotzen's negligence did contribute to the cause of the wreck.

**RESPONSE:**

**ADMISSION NO. 10:**          Cole J. Sotzen's negligence did not contribute to the cause of the wreck.

**RESPONSE:**

**ADMISSION NO. 11:**          Plaintiff's negligence did contribute to the cause of the wreck.

**RESPONSE:**

**PLAINTIFF'S FIRST SET OF INTERROGATORIES, FIRST REQUEST FOR ADMISSIONS, FIRST REQUEST FOR PRODUCTION, AND REQUEST FOR PRIVILEGE LOG TO DEFENDANT JAMES RIVER INSURANCE COMPANY – Page 11**

**ADMISSION NO. 12:**        Plaintiff's negligence did not contribute to the cause of the wreck.

**RESPONSE:**

**ADMISSION NO. 13:**        Cole J. Sotzen was negligent in causing, in whole or part, the wreck.

**RESPONSE:**

**ADMISSION NO. 14:**        Cole J. Sotzen was not negligent in causing, in whole or part, the wreck.

**RESPONSE:**

**ADMISSION NO. 15:**        Plaintiff was negligent in causing, in whole or part, the wreck.

**RESPONSE:**

**ADMISSION NO. 16:**        Plaintiff was not negligent in causing, in whole or part, the wreck.

**RESPONSE:**

**ADMISSION NO. 17:**        On the day of the wreck, Cole J. Sotzen operated his vehicle in a negligent manner proximately causing the wreck.

**RESPONSE:**

**ADMISSION NO. 18:**        On the day of the wreck, Cole J. Sotzen did not operate his vehicle in a negligent manner proximately causing the wreck.

**RESPONSE:**

**ADMISSION NO. 19:**        The wreck was caused by an act of God.

**RESPONSE:**

**ADMISSION NO. 20:**        A driver other than Cole J. Sotzen proximately caused, in whole or part, the wreck.

**RESPONSE:**

**PLAINTIFF'S FIRST SET OF INTERROGATORIES, FIRST REQUEST FOR ADMISSIONS, FIRST REQUEST FOR PRODUCTION, AND REQUEST FOR PRIVILEGE LOG TO DEFENDANT JAMES RIVER INSURANCE COMPANY – Page 12**

**ADMISSION NO. 21:**        A driver other than Cole J. Sotzen did not proximately cause, in whole or part, the wreck.

**RESPONSE:**

**ADMISSION NO. 22:**        The impact of the wreck was mild in the opinion of Defendant.

**RESPONSE:**

**ADMISSION NO. 23:**        The impact of the wreck was moderate in the opinion of Defendant.

**RESPONSE:**

**ADMISSION NO. 24:**        The impact of the wreck was severe in the opinion of Defendant.

**RESPONSE:**

**ADMISSION NO. 25:**        The impact of the wreck injured Plaintiff Clayton Bennett, II.

**RESPONSE:**

**ADMISSION NO. 26:**        Weather was a contributing factor in causing the wreck.

**RESPONSE:**

**ADMISSION NO. 27:**        The medical treatment received by Plaintiff Clayton Bennett, II, for injuries caused by the wreck was reasonable and necessary.

**RESPONSE:**

**ADMISSION NO. 28:**        Defendant has a basis to challenge the amount or type of medical care and treatment received by Plaintiff Clayton Bennett, II, for injuries caused by the wreck.

**RESPONSE:**

**ADMISSION NO. 29:**        At the time of the occurrence that forms the basis of this lawsuit, Plaintiff was insured under a policy of insurance with Defendant Insurer that contained coverage for Underinsured Motorist coverage.

**PLAINTIFF'S FIRST SET OF INTERROGATORIES, FIRST REQUEST FOR ADMISSIONS, FIRST REQUEST FOR PRODUCTION, AND REQUEST FOR PRIVILEGE LOG TO DEFENDANT JAMES RIVER INSURANCE COMPANY – Page 13**

**RESPONSE:**

**ADMISSION NO. 30:**      At the time of the occurrence which forms the basis of this lawsuit, The Insurance Policy contained commercial per person coverage for Underinsured Motorist benefits for bodily injury damages.

**RESPONSE:**

**ADMISSION NO. 31:**      At the time of the occurrence which forms the basis of this lawsuit, The Insurance Policy with Defendant Insurer contained coverage for Underinsured Motorist benefits which represents it will pay for damages which a covered person is legally entitled to recover from the owner or operator of an underinsured motor vehicle because of bodily injury sustained by a covered person, or property damage, caused by an accident.

**RESPONSE:**

**ADMISSION NO. 32:**      At the time of the occurrence that forms the basis of this lawsuit, Plaintiff Clayton Bennett, II, is a driver listed under The Insurance Policy.

**RESPONSE:**

**ADMISSION NO. 33:**      At the time of the occurrence that forms the basis of this lawsuit, Plaintiff is covered under The Insurance Policy.

**RESPONSE:**

**ADMISSION NO. 34:**      Admit that the motor vehicle wreck which forms the basis of this lawsuit constitutes an "accident" as defined by The Insurance Policy.

**RESPONSE:**

**ADMISSION NO. 35:**      Admit that Plaintiff promptly notified Defendant Insurer of the accident that forms the basis of this lawsuit.

**RESPONSE:**

**ADMISSION NO. 36:**      Admit that Plaintiff complied with all of his duties to Defendant Insurer under The Insurance Policy that relate to the claims made the basis of this lawsuit.

**RESPONSE:**

**ADMISSION NO. 37:**      Admit that Defendant Insurer is not contending that Plaintiff did not comply with any of his duties owed to Defendant Insurer under The Insurance Policy that relate to the claims made the basis of this lawsuit.

**RESPONSE:**

**ADMISSION NO. 38:**      Defendant Insurer is aware of any liability insurance policy which may have been in effect to cover Cole J. Sotzen's duty to pay for damages which Plaintiff was legally entitled to recover from Cole J. Sotzen as a result of the wreck which forms the basis of this lawsuit.

**RESPONSE:**

**ADMISSION NO. 39:**      Defendant Insurer is unaware of any liability bond which may have been in effect to cover Cole J. Sotzen's duty to pay for damages which Plaintiff was legally entitled to recover from Cole J. Sotzen as a result of the wreck which forms the basis of this lawsuit.

**RESPONSE:**

**ADMISSION NO. 40:**      Cole J. Sotzen is considered an "underinsured motorist" under The Insurance Policy.

**RESPONSE:**

**ADMISSION NO. 41:**      At the time of the occurrence that forms the basis of this lawsuit, The Insurance Policy which contained coverage for Underinsured Motorist benefits is policy number Claim No. 90008949.

**RESPONSE:**

**ADMISSION NO. 42:**      At the time of the occurrence that forms the basis of this lawsuit, Defendant Insurer admits that The Insurance Policy was in force and in effect.

**RESPONSE:**

**ADMISSION NO. 43:**      At the time of the occurrence that forms the basis of this lawsuit, The Insurance Policy had not been cancelled.

**RESPONSE:**

**ADMISSION NO. 44:**      At the time of the occurrence that forms the basis of this lawsuit, Defendant Insurer admits that all applicable premiums for The Insurance Policy had been paid.

**RESPONSE:**

**ADMISSION NO. 45:**     Defendant Insurer does not contend that Plaintiff failed to give proper written notice of the Underinsured Motorist claims that form the basis of this lawsuit.

**RESPONSE:**

**ADMISSION NO. 46:**     Admit that Cole J. Sotzen's negligence proximately caused the motor vehicle accident that forms the underlying basis of this lawsuit.

**RESPONSE:**

**ADMISSION NO. 47:**     Admit that Cole J. Sotzen's negligence was the sole proximate cause of the motor vehicle accident that forms the underlying basis of this lawsuit.

**RESPONSE:**

**ADMISSION NO. 48:**     Admit that Defendant Insurer has no evidence that Plaintiff Clayton Bennett, II was negligent and proximately caused the motor vehicle accident that forms the basis of this lawsuit.

**RESPONSE:**

**ADMISSION NO. 49:**     Admit that Defendant Insurer believes that Plaintiff was injured as a result of the motor vehicle accident that forms the underlying basis of this lawsuit.

**RESPONSE:**

**ADMISSION NO. 50:**     Admit that Defendant Insurer believes it was appropriate for Plaintiff to seek medical care as a result of the motor vehicle accident that forms the basis of this lawsuit.

**RESPONSE:**

**ADMISSION NO. 51:**     Admit that Defendant Insurer contends that Plaintiff's health insurance is other insurance of same kind that may be available to satisfy all or part of the loss sustained as a result of the motor vehicle accident which forms the basis of this lawsuit as the under insured motorist coverage available to Plaintiff through The Insurance Policy.

**RESPONSE:**

**PLAINTIFF'S FIRST SET OF INTERROGATORIES, FIRST REQUEST FOR ADMISSIONS, FIRST REQUEST FOR PRODUCTION, AND REQUEST FOR PRIVILEGE LOG TO DEFENDANT JAMES RIVER INSURANCE COMPANY – Page 16**

**ADMISSION NO. 52:**       Defendant Insurer admits that Plaintiff's under insured motorist claim, which forms the basis of this lawsuit against Defendant Insurer, is a first-party claim.

**RESPONSE:**

Pursuant to Rule 196 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff

serves the following Requests for Production of Documents on Defendant James

River Insurance Company.  Defendant is requested to respond fully, in writing, and

in accordance with TRCP 196.  The documents requested are to be produced to

Plaintiff's counsel within fifty (50) days after service of this request.  You are further

advised that you are under a duty to reasonably supplement your answer.

**NOTE:  For each separately numbered request below please**

**delineate each set of documents so that it can be easily ascertained which**

**documents relate to which numbered request**.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**   Please produce a copy of the entire insurance policy number 30008949 including, but not limited to all endorsements, riders, exclusions, coverage sheets and declaration pages.

**RESPONSE:**

**REQUEST NO. 2:**   Please produce a copy of the non-privileged portions of the insurance claims file prepared prior to the date on which you contend litigation on this Claim was anticipated.

**RESPONSE:**

**REQUEST NO. 3:**   Please produce a copy of all documents which you contend support or evidence when you contented that you reasonably anticipated litigation on this Claim.

**RESPONSE:**

**PLAINTIFF'S FIRST SET OF INTERROGATORIES, FIRST REQUEST FOR ADMISSIONS, FIRST REQUEST FOR PRODUCTION, AND REQUEST FOR PRIVILEGE LOG TO DEFENDANT JAMES RIVER INSURANCE COMPANY – Page 17**

**REQUEST NO. 4:**   Please produce all documents, if any, which support any contention by you:

      a.     The Insurance Policy was not in effect at the time of the occurrence;

      b.     The Insurance Policy had been cancelled for any reason at the time of the occurrence;

      c.     Plaintiff has not complied with any provision or part of The Insurance Policy in making the claims which form the basis of this lawsuit; or

      d.     There is no coverage for any part or all of Plaintiff's claims against Defendant Insurer.

**RESPONSE:**

**REQUEST NO. 5:**   Produce a copy of all documents which evidence the date and the amounts paid by you on this Claim or any part of this Claim.

**RESPONSE:**

**REQUEST NO. 6:**   Please produce a copy of all settlement offers made by you to Plaintiff regarding this Claim.

**RESPONSE:**

**REQUEST NO. 7:**   A copy of all 911 tapes or transcripts regarding this Claim.

**RESPONSE:**

**REQUEST NO. 8:**   Please produce a copy of all documents and correspondence between you and Plaintiff's medical providers.

**RESPONSE:**

**REQUEST NO. 9:**   Please produce a copy of all documents and correspondence between you and Plaintiff's employers.

**RESPONSE:**

**REQUEST NO. 10:** Please produce a copy of any and all police reports and other governmental reports concerning this Claim and/or Plaintiff.

**RESPONSE:**

**PLAINTIFF'S FIRST SET OF INTERROGATORIES, FIRST REQUEST FOR ADMISSIONS, FIRST REQUEST FOR PRODUCTION, AND REQUEST FOR PRIVILEGE LOG TO DEFENDANT JAMES RIVER INSURANCE COMPANY – Page 18**

**REQUEST NO. 11:** Please produce a color copy of all videotapes, photographs, or electronic images depicting:

    a.    Plaintiff;

    b.    Any other person involved in the occurrence;

    c.    The occurrence and/or scene of the occurrence;

    d.    Re-enactments or re-creations of the occurrence;

    e.    Any tangible instrumentalities involved in the occurrence which forms the basis of this lawsuit; and

    f.    All property damaged in the occurrence which forms the basis of this lawsuit.

**RESPONSE:**

**REQUEST NO. 12:** Please produce a color copy of all videotapes, photographs, or electronic images depicting any real or personal property owned by Plaintiff involved in the Claim.

**RESPONSE:**

**REQUEST NO. 13:** Please produce a copy of all documents evidencing the fair market value of property that Plaintiff was or is alleged to have been involved in or damaged in the occurrence which forms the basis of this lawsuit.

**RESPONSE:**

**REQUEST NO. 14:** Please produce a copy of all documents evidencing the cost to repair property that was or is alleged to have been involved in or damaged in the occurrence which forms the basis of this lawsuit.

**RESPONSE:**

**REQUEST NO. 15:** Please produce a copy of all documents evidencing the replacement cost of all property which was or is alleged to have been damaged or destroyed as a result of the occurrence which forms the basis of this lawsuit

**RESPONSE:**

**REQUEST NO. 16:** Please produce a copy of all documents, or other materials used by you, to determine the value of or costs to repair or to replace any property that was or is alleged to have been damaged or destroyed as a result of the occurrence which forms the basis of this lawsuit

**RESPONSE:**

**PLAINTIFF'S FIRST SET OF INTERROGATORIES, FIRST REQUEST FOR ADMISSIONS, FIRST REQUEST FOR PRODUCTION, AND REQUEST FOR PRIVILEGE LOG TO DEFENDANT JAMES RIVER INSURANCE COMPANY – Page 19**

**REQUEST NO. 17:** Other than the photographs, videotapes or electronic images produced by you in response to the above listed Requests for Production, please produce a color copy of any and all photographs, videotapes, electronic images and/or diagrams which concern any issues raised by the pleadings in this case.

**RESPONSE:**

**REQUEST NO. 18:** Please produce a copy of all medical, employment and insurance records regarding Plaintiff that you have obtained through the use of any authorization provided to you by Plaintiff.

**RESPONSE:**

**REQUEST NO. 19:** Please produce a copy of all medical, employment, and insurance records regarding Plaintiff that you have obtained through any subpoena or any deposition.

**RESPONSE:**

**REQUEST NO. 20:** A copy of all Southwest Index Bureau a/k/a SWIB reports regarding this Claim or Plaintiff.

**RESPONSE:**

**REQUEST NO. 21:** A copy of all Examinations Under Oath pertaining to this Claim.

**RESPONSE:**

**REQUEST NO. 22:** Please produce a copy of all statements of Plaintiff, as well as any statements of any party to this lawsuit and any person with knowledge of relevant facts, which have not been produced by you in response to Plaintiff's Request for Disclosure.

**RESPONSE:**

**REQUEST NO. 23:** Pursuant to Rule 609(f) of the Texas Rules of Civil Evidence, please produce a copy of all records of Plaintiff, any convictions of Plaintiff and any person with knowledge of relevant facts.

**RESPONSE:**

**REQUEST NO. 24:** Please produce a copy of any and all estimates, invoices, or other documents pertaining to the cost of damage sustained by all vehicles involved in the collision in question.

**RESPONSE:**

**REQUEST NO. 25:** In the event you contend that any vehicle involved in the occurrence was defective or that the mechanical condition of the vehicle caused or in any way contributed to the cause of the occurrence in question, please produce a copy of any and all documents reflecting repair and/or maintenance to such vehicle from one (1) year prior to the incident in question to present as well as all records concerning the alleged defective condition(s) which caused or contributed to the cause of the collision in question.

**RESPONSE:**

**REQUEST NO. 26:** Produce a copy of all documents which form the basis of any contention that Plaintiff was negligent or otherwise caused or contributed to the accident which forms the underlying basis of this lawsuit.

**RESPONSE:**

**REQUEST NO. 27:** Produce a copy of all documents which provide a description of any "Jane Doe" and "John Doe," and "Responsible Third Party" if any, whose identity is allegedly unknown but whom you contends caused or contributed to the harm for which a recovery has been sought in this matter.

**RESPONSE:**

**REQUEST NO. 28:** Produce a copy of all documents which provide a description of the facts, if any, which form the basis of any contentions, if any, that the occurrence which forms the basis of this lawsuit was caused in whole or in part by any "Jane Doe" and "John Doe," persons whose identity is allegedly unknown but whom you contend caused or contributed to the harm for which a recovery has been sought in this matter.

**RESPONSE:**

**PLAINTIFF'S FIRST SET OF INTERROGATORIES, FIRST REQUEST FOR ADMISSIONS, FIRST REQUEST FOR PRODUCTION, AND REQUEST FOR PRIVILEGE LOG TO DEFENDANT JAMES RIVER INSURANCE COMPANY – Page 21**

**REQUEST NO. 29:** In the event the carrier of any pertinent policies has settled any claims of any other person(s) as a result of this occurrence which has or which may reduce the amount of coverage available to compensate Plaintiff, please produce a copy of each settlement agreement or other document reflecting that other claims have been settled or reductions have been taken or may be taken against the amount of policy limits originally available under the policy(s).

**RESPONSE:**

**REQUEST NO. 30:** In the event the claim is being handled by the insurance carrier on a reservation of rights, please produce a copy of any and all communications from the carrier relevant to such reservation.

**RESPONSE:**

**REQUEST NO. 31:** In the event the pertinent policies are aggregate policies and the annual aggregates have been reduced, please produce a copy of any and all settlement documents and/or agreements relevant to the payment of such claims, reducing such aggregates.

**RESPONSE:**

**REQUEST NO. 32:** In the event the carrier of any pertinent policies has given you notice of financial impairment or potential financial impairment, please produce a copy of any and all written communications from the carrier relevant to such notice.

**RESPONSE:**

**REQUEST NO. 33:** Please produce a copy of all report(s) generated for you for medical review of medical bills or records audits of any kind, reports or audits of any kind prepared in the ordinary course of business or prior to the anticipation of litigation, pertaining to the accident or injuries, medical treatment or medical bills.

**RESPONSE:**

**REQUEST NO. 34:** Please produce a copy of any and all checks paid by or on behalf of you to Plaintiff as a result of the occurrence in question.

**RESPONSE:**

**REQUEST NO. 35:** Please produce a copy of any and all exhibits, models, visual aids, experiments, documents, or other writings or any item of demonstrative evidence that will be used in the trial of this lawsuit.

**RESPONSE:**

**REQUEST NO. 36:** Please produce a copy of the first written notice of this Claim received by you.

**RESPONSE:**

**REQUEST NO. 37:** Please produce a copy of all documents and correspondence between you, your employees, agents and representatives and Plaintiff regarding this Claim from the time when you first received written notice of this Claim through the date of the filing of this lawsuit.

**RESPONSE:**

**REQUEST NO. 38:** Pursuant to §542.055 of the Texas Insurance Code, please produce a copy of all written acknowledgments of this Claim sent by or on behalf of you.

**RESPONSE:**

**REQUEST NO. 39:** Please produce a copy of all documents in which, pursuant to §542.055 of the Texas Insurance Code, evidence when and what investigation was commenced by you regarding this Claim.

**RESPONSE:**

**REQUEST NO. 40:** Produce a copy of all documents evidencing a rejection of this Claim or any portion thereof.

**RESPONSE:**

**REQUEST NO. 41:** Produce a copy of all documents in which Defendant Insurer contends it notified Plaintiff that it will pay this Claim or part of this Claim.

**RESPONSE:**

**REQUEST NO. 42:** If you contend that payment of this Claim or part of this Claim is or was conditioned on the performance of an act by the claimant, please produce a copy of all documents evidencing or describing the conditions and/or acts required before payment of this Claim or part of this Claim would or could be made.

**RESPONSE:**

**REQUEST NO. 43:** If Defendant Insurer contends it is an "eligible surplus lines insurer" as defined by the Texas Insurance Code, produce all documents which evidence your status as an eligible surplus lines insurer.

**RESPONSE:**

**REQUEST NO. 44:** Produce a copy of all records and documents pertaining to suits, other than the one at hand, in which Plaintiff was a party.

**RESPONSE:**

**REQUEST NO. 45:** Please produce a copy of all documents which you contend support the basis of you decisions not to pay the amounts demanded by Plaintiff in settlement of the claims made the basis of this lawsuit.

**RESPONSE:**

**REQUEST NO. 46:** For each and every expert witness that you have specially employed or in the ordinary course of business (including its agents, representatives, employees and vice-principals), please produce a copy of the following items in your possession, custody or control:

(a)     All tests, photographs, movies and/or videotapes, films and/or image-recording films of any nature, diagrams, sketches, graphs, computer-assisted calculations and recreations and/or models and mock-ups generated by or provided to the expert relevant to his/her

involvement in the instant case and/or relevant to the testimony he/she may give at trial;

(b)     For any consulting expert whose work product has been reviewed by an expert who may testify on your behalf at trial, please similarly provide all the items requested above and below;

(c)     Documents concerning monies paid or to be paid to such experts related to this cause of action;

(d)     Documents, including correspondence, relating to the date and/or circumstances on which such expert was retained in this cause of action;

(e)     Reports and depositions given by such expert in which such expert was retained by you and/or your counsel's law firm, in personal injury cases other than the one made the basis of this suit;

(f)     Any and all correspondence to or from such experts and you and/or your counsel's law firm regarding this case; and

(g)     All documents, tests, or reports reviewed by such expert in formulating his/her opinion(s) in this case.

**RESPONSE:**

**REQUEST NO. 47:** Any and all data downloaded or otherwise retrieved from an event data recorder from each of the vehicles involved in the collision, including, without limitation, data retrieved from Airbag Control Modules, Sensing Diagnostic Modules, Rollover Sensors, Restraint Control Modules, Occupant Restraint Controllers - and all data retrieved through any crash data retrieval system.

**RESPONSE:**

**REQUEST NO. 48:** Produce any profiles, photographs, postings or messages (including status updates, wall comments, causes joined, groups joined, activity streams, blog entries) from any social networking or social media site (e.g. Facebook, Twitter, Myspace) from one year before the date of the Incident through the present, that reveal, refer or relate to the Defendant in any manner which you intend to use as evidence to impeach any of the witnesses identified in any parties answers to Interrogatories or responses to Request for Disclosure or which you intend to use as evidence to impeach Defendant or any of the representatives, agents or employees of Defendant.

**RESPONSE:**

**PLAINTIFF'S FIRST SET OF INTERROGATORIES, FIRST REQUEST FOR ADMISSIONS, FIRST REQUEST FOR PRODUCTION, AND REQUEST FOR PRIVILEGE LOG TO DEFENDANT JAMES RIVER INSURANCE COMPANY – Page 25**

## REQUEST FOR PRIVILEGE LOG TO BE ANSWERED
## <u>WITHIN 50 DAYS OF SERVICE</u>

<u>Privilege Log</u>:  If you are withholding documents based upon the assertion of a privilege, please produce a privilege log in accordance with Rule 193.3 (b), detailing with reasonable particularity a description of the documents withheld, the number of documents, and the privilege which you claim properly precludes the information from being discovered.  Specifically do the following:

    (a)    Detail the privilege asserted;

    (b)    Provide the title of the document(s) upon which the privilege is asserted;

    (c)    Provide the general substance of the document(s) upon which you claim there is a privilege;

    (d)    Identify the location and custodian of the document(s)

    (e)    Give a brief description why, in your view, the privilege shields the document from discovery; and

    (f)    Bates stamp the documents upon which you claim there is a privilege for in camera inspection at a later hearing.

EXHIBIT C2

# CIVIL CASE INFORMATION SHEET

FILED
DALLAS COUNTY
4/25/2017 11:27:20 AM
FELICIA PITRE
DISTRICT CLERK
David Hernandez

| CAUSE NUMBER *(FOR CLERK USE ONLY):* _____ | COURT *(FOR CLERK USE ONLY):* _____ |
|---|---|

STYLED   Clayton Bennett, II vs. James River Insurance Company

*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

## 1. Contact information for person completing case information sheet:

| | | |
|---|---|---|
| **Contact information** | **Names of parties in case:** | **Person or entity completing sheet is:** |
| Name: Rachel Hatten Adams | Plaintiff(s)/Petitioner(s): Clayton Bennett, II | [x] Attorney for Plaintiff/Petitioner |
| Email: rachel.hatten@ewlawyers.com | | [ ] *Pro Se* Plaintiff/Petitioner |
| | | [ ] Title IV-D Agency |
| | | [ ] Other: _____ |
| Address: 10400 N. Central Expwy, Suite | | |
| Telephone: 214-378-6665 | | **Additional Parties in Child Support Case:** |
| City/State/Zip: Dallas, Texas 75231 | Defendant(s)/Respondent(s): James River Insurance Company | Custodial Parent: |
| Fax: 214-389-1732 | | Non-Custodial Parent: |
| Signature: /s/ Rachel Hatten Adams | | Presumed Father: |
| State Bar No: 24101883 | *[Attach additional page as necessary to list all parties]* | |

## 2. Indicate case type, or identify the most important issue in the case *(select only 1)*:

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract* | [ ] Assault/Battery | [ ] Eminent Domain/ Condemnation | [ ] Annulment | [ ] Enforcement |
| [ ] Consumer/DTPA | [ ] Construction | [ ] Partition | [ ] Declare Marriage Void | [ ] Modification—Custody |
| [ ] Debt/Contract | [ ] Defamation | [ ] Quiet Title | *Divorce* | [ ] Modification—Other |
| [ ] Fraud/Misrepresentation | *Malpractice* | [ ] Trespass to Try Title | [ ] With Children | **Title IV-D** |
| [ ] Other Debt/Contract: | [ ] Accounting | [ ] Other Property: | [ ] No Children | [ ] Enforcement/Modification |
| | [ ] Legal | | | [ ] Paternity |
| *Foreclosure* | [ ] Medical | | | [ ] Reciprocals (UIFSA) |
| [ ] Home Equity—Expedited | [ ] Other Professional Liability: | **Related to Criminal Matters** | | [ ] Support Order |
| [ ] Other Foreclosure | | [ ] Expunction | **Other Family Law** | **Parent-Child Relationship** |
| [ ] Franchise | [x] Motor Vehicle Accident | [ ] Judgment Nisi | [ ] Enforce Foreign Judgment | [ ] Adoption/Adoption with Termination |
| [ ] Insurance | [ ] Premises | [ ] Non-Disclosure | [ ] Habeas Corpus | [ ] Child Protection |
| [ ] Landlord/Tenant | *Product Liability* | [ ] Seizure/Forfeiture | [ ] Name Change | [ ] Child Support |
| [ ] Non-Competition | [ ] Asbestos/Silica | [ ] Writ of Habeas Corpus— Pre-indictment | [ ] Protective Order | [ ] Custody or Visitation |
| [ ] Partnership | [ ] Other Product Liability List Product: | [ ] Other: | [ ] Removal of Disabilities of Minority | [ ] Gestational Parenting |
| [ ] Other Contract: | | | [ ] Other: | [ ] Grandparent Access |
| | [ ] Other Injury or Damage: | | | [ ] Parentage/Paternity |
| | | | | [ ] Termination of Parental Rights |
| | | | | [ ] Other Parent-Child: |
| **Employment** | **Other Civil** | | | |
| [ ] Discrimination | [ ] Administrative Appeal | [ ] Lawyer Discipline | | |
| [ ] Retaliation | [ ] Antitrust/Unfair Competition | [ ] Perpetuate Testimony | | |
| [ ] Termination | [ ] Code Violations | [ ] Securities/Stock | | |
| [ ] Workers' Compensation | [ ] Foreign Judgment | [ ] Tortious Interference | | |
| [ ] Other Employment: | [ ] Intellectual Property | [ ] Other: | | |

| Tax | Probate & Mental Health | |
|---|---|---|
| [ ] Tax Appraisal | *Probate/Wills/Intestate Administration* | [ ] Guardianship—Adult |
| [ ] Tax Delinquency | [ ] Dependent Administration | [ ] Guardianship—Minor |
| [ ] Other Tax | [ ] Independent Administration | [ ] Mental Health |
| | [ ] Other Estate Proceedings | [ ] Other: _____ |

## 3. Indicate procedure or remedy, if applicable *(may select more than 1)*:

| | | |
|---|---|---|
| [ ] Appeal from Municipal or Justice Court | [ ] Declaratory Judgment | [ ] Prejudgment Remedy |
| [ ] Arbitration-related | [ ] Garnishment | [ ] Protective Order |
| [ ] Attachment | [ ] Interpleader | [ ] Receiver |
| [ ] Bill of Review | [ ] License | [ ] Sequestration |
| [ ] Certiorari | [ ] Mandamus | [ ] Temporary Restraining Order/Injunction |
| [ ] Class Action | [ ] Post-judgment | [ ] Turnover |

## 4. Indicate damages sought *(do not select if it is a family law case)*:

- [ ] Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
- [ ] Less than $100,000 and non-monetary relief
- [x] Over $100, 000 but not more than $200,000
- [ ] Over $200,000 but not more than $1,000,000
- [ ] Over $1,000,000

Rev 2/13

EXHIBIT C3

FILED
DALLAS COUNTY
4/25/2017 11:27:20 AM
FELICIA PITRE
DISTRICT CLERK

10440 N. Central Expressway
Suite 400
Dallas, TX 75231-2228
(800) 779-6665
(214) 378-6665

David Hernandez

**Ashley Chambers**

Writer's Direct Dial: 972-499-7608
Writer's Fax: 214-389-1732
Writer's E-mail: ashley.chambers@ewlawyers.com
Attorney's Email: rachel.hatten@ewlawyers.com

**EBERSTEIN WITHERITE LLP** ®

April 25, 2017

**VIA E-FILE**
Felicia Pitre
Dallas County District Clerk
133 N. Riverfront Blvd., Ste 12
Dallas, Texas 75207

DC-17-04787

Re:    *Clayton Bennett, II v. James River Insurance Company;*

Dear Ms. Pitre:

Plaintiff requests trial by jury. Plaintiff's jury fee of $40.00 is being submitted through E-File.

Please do not hesitate to call with any questions or concerns. Thank you for your assistance.

Sincerely,

*Ashley Chambers*

Ashley Chambers
Paralegal

/ac

EXHIBIT C4

# FORM NO.  353-3 - CITATION
# THE STATE OF TEXAS

To:

**JAMES RIVER INSURANCE COMPANY**
**PO BOX 27648**
**RICHMOND VA  23261**

GREETINGS:
You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with  the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty   days after you were served this citation and  petition, a default judgment may be taken against you.  Your answer should be addressed to the clerk of the **298th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **CLAYTON BENNETT, II**

Filed in said Court  **25th day of April, 2017** against

**JAMES RIVER INSURANCE COMPANY**

For Suit, said suit being numbered **DC-17-04787,** the nature of which demand is as follows:
Suit on **MOTOR VEHICLE ACCIDENT** etc. as shown on said petition**REQUESTS FOR DISCLOSURE INTERROGATORIES PRODUCTION AND ADMISSIONS**, a copy of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 9th day of May, 2017.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By_____, Deputy
　　　　　　MARISSA PITTMAN
/s/ Marissa Pittman

---



**ESERVE**

**CITATION**

**DC-17-04787**

**CLAYTON BENNETT, II**
**vs.**
**JAMES RIVER INSURANCE**
**COMPANY**

ISSUED THIS
**9th day of May, 2017**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By:  MARISSA PITTMAN, Deputy
_____

**Attorney for Plaintiff**
RACHEL HATTEN ADAMS
10440 N CENTRAL EXPRESSWAY
SUITE 400
DALLAS TX  75231-2228
214-378-6665



**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

# OFFICER'S RETURN

Case No. :  DC-17-04787

Court No.298th District Court

Style: CLAYTON BENNETT, II

 vs.

JAMES RIVER INSURANCE COMPANY

Came to hand on the _____day of _____, 20_____, at _____o'clock_____.M. Executed at _____,

within the County of _____ at _____ o'clock _____ .M. on the _____day of_____,

20_____, by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by

me in serving such process was _____miles and my fees are as follows:   To certify which witness my hand.

|  |  |  |
|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $_____ | of_____County,_____ |
| For Notary | $_____ | By_____Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____before me this_____day of _____, 20_____,

to certify which witness my hand and seal of office.

_____

Notary Public_____County_____

EXHIBIT C5

FILED
DALLAS COUNTY
5/31/2017 11:44:53 AM
FELICIA PITRE
DISTRICT CLERK

1-CIT COI ES  Case 3:17-cv-01931-G   Document 1-5   Filed 07/20/17   Page 48 of 109   PageID 62

Tonya Pointer

## CAUSE NO. DC-17-04787

| | | |
|---|---|---|
| CLAYTON BENNETT, II; | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| VS. | § | DALLAS COUNTY, TEXAS |
| | § | |
| JAMES RIVER INSURANCE | § | |
| COMPANY; | § | |
| | § | |
| | § | |
| **Defendant.** | § | 298TH JUDICIAL DISTRICT |

### PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION AND DISCOVERY REQUESTS TO DEFENDANT

Plaintiff Clayton Bennett, II files Plaintiff's First Amended Original Petition complaining of Defendant James River Insurance Company.

## I.  DISCOVERY CONTROL PLAN

Discovery is intended to be conducted under Level 3 pursuant to Rule 190 of the TEXAS RULES OF CIVIL PROCEDURE.

## II.  RULE 47 PLEADING REQUIREMENTS

As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court.  As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks monetary relief of over $100,000, but not more than $200,000.  The amount of monetary relief actually awarded, however, will ultimately be determined by a jury.  Additionally, Plaintiff

seeks non-monetary relief by way of a declaratory judgment.  Plaintiff also seeks

pre-judgment and post-judgment interest at the highest legal rate.

## III.  PARTIES

Plaintiff Clayton Bennett, II is an individual resident of Desoto, Dallas

County, Texas. His driver's license number is *****780 and his social security

number is ***-**-*480.

Defendant James River Insurance Company is an insurance company

licensed to do business in the State of Texas, and said corporation is engaged in

writing insurance in Texas.  Defendant James River Insurance Company may be

served with process by serving the Texas Commissioner of Insurance at 333

Guadalupe, Austin, TX 78701.  The mailing address is P.O. Box 27648,

Richmond, VA 23261.

## IV.  JURISDICTION AND VENUE

The court has jurisdiction over the cause because the amount in

controversy is within the jurisdictional limits of the court.

This Court has venue over the parties to this action since Plaintiff's

residence at the time of the incident was located in Dallas County, Texas. Venue

therefore is proper in Dallas County, Texas pursuant to the TEXAS INSURANCE

CODE, SEC.1952.110.

## V.  FACTS

This is a suit for contractual benefits due to Plaintiff Clayton Bennett, II as a result of a motor vehicle collision that occurred on Monday, June 22, 2015, at 2400 U.S. Highway 75/North Central Expressway near 3000 North Glenville Drive in Richardson, Collin County, Texas.  Plaintiff Clayton Bennett, II was operating his vehicle northbound on the east frontage road of U.S. Highway 75/North Central Expressway.  An underinsured driver, Cole Sotzen, was operating his vehicle behind Plaintiff's vehicle in the same lane and headed in the same direction.  Cole Sotzen failed to control his speed colliding hard with the back of Plaintiff's vehicle.  As a result of the collision, Plaintiff was injured and continues to suffer injuries and damages from this incident.

## VI.  CAUSES OF ACTION

### A.    NEGLIGENCE – COLE SOTZEN

At the time in question, Clayton Bennett, II was acting in a reasonable and prudent manner when Cole Sotzen, an underinsured motorist, committed a number of acts of negligence during the operation and use of a motor vehicle, which served as a proximate cause of the motor vehicle collision and injuries complained of herein.  Cole Sotzen's acts of negligence were as follows:

    a.    Cole Sotzen failed to keep such proper lookout and attention to the roadway as a person of ordinary prudence would have kept under the same or similar circumstances;

    b.    Cole Sotzen failed to control the speed of his vehicle;

    c.    Cole Sotzen failed to keep an assured safe distance from Plaintiff's vehicle;

      d.     Cole Sotzen failed to timely apply the brakes of his vehicle in order to avoid the collision in question; and

      e.     Cole Sotzen failed to turn his vehicle in an effort to avoid the collision.

## B.   DECLARATORY JUDGMENT ACTION AGAINST DEFENDANT JAMES RIVER INSURANCE COMPANY

Plaintiff asserts that all conditions precedent to the bringing of these causes of action have been performed or have occurred prior to the filing of the causes of action at bar.

At all relevant times, Plaintiff was insured under an automobile insurance policy with Defendant James River Insurance Company, Claim No. 90008949, which insured Plaintiff in the event he was damaged or injured by the negligence of an underinsured motorist.  Plaintiff has complied with all the terms and conditions of the policy prior to bringing this action.  Plaintiff would show that at the time of trial of this matter he will offer into evidence a copy of said policy, unless the original of the same is produced by Defendant James River Insurance Company, at said trial.  In this regard, Plaintiff would show that Cole Sotzen was in fact an underinsured motorist as defined by law and the policy in question.

Plaintiff presented his claim for underinsured motorist benefits under the contract of insurance with James River Insurance Company.  Plaintiff pleads that all conditions precedent to filing suit have been complied with, including the statutory notice provision.  Plaintiff presented to Defendant a demand for payment of his claim under the policy.  In response to Plaintiff's demand for the

policy limits Defendant declined to make an offer of settlement of Plaintiff's claim under the underinsured motorists provision of the Insurance Policy.

Plaintiff asserts his claim under Texas Civil Practice and Remedies Code 37.001, *et seq.* to have his rights, status, and other legal relationships under the Insurance Policy purchased from Defendant James River Insurance Company established by a court of competent jurisdiction.  Plaintiff seeks a declaration from the Court that:

A.     The negligence of Cole Sotzen in that automobile wreck was the proximate cause of bodily injuries and damages to Plaintiff, which injuries include the following:

1.     Plaintiff's past medical expenses, which are reasonable and customary for the medical care received by Plaintiff;

2.     Plaintiff's future medical expenses;

3.     Plaintiff's lost wages in the past and loss of earning capacity in the future;

4.     Plaintiff's physical pain and suffering in the past and future in an amount to be determined by the jury;

5.     Plaintiff's mental anguish in the past and future in an amount to be determined by the jury; and

6.     Plaintiff's physical impairment in the past and future in an amount to be determined by the jury.

B.     Plaintiff's claim for underinsured motorist benefits under Claim No. 90008949, (hereafter the "Insurance Policy") as a result of a car wreck that occurred on June 22, 2015, is covered under the Insurance Policy.

C.      Plaintiff also seeks a declaration determining the amount of underinsured motorist benefits that he is entitled to recover from Defendant James River Insurance Company after all applicable set-offs and credits, for each of the following elements of damages covered under the Insurance Policy:

1.      Plaintiff's past medical expenses, which are reasonable and customary for the medical care received by Plaintiff;

2.      Plaintiff's future medical expenses;

3.      Plaintiff's lost wages in the past and loss of earning capacity in the future;

4.      Plaintiff's physical pain and suffering in the past and future in an amount to be determined by the jury;

5.      Plaintiff's mental anguish in the past and future in an amount to be determined by the jury; and

6.      Plaintiff's physical impairment in the past and future in an amount to be determined by the jury.

Pursuant to §37.009 of the Texas Civil Practice and Remedies Code, Plaintiff seeks all costs and reasonable and necessary attorneys' fees, as are equitable and just, which are incurred or which may be incurred in this matter including all such fees and expenses:

a.      For preparation and trial;

b.      For an appeal to the Court of Appeals;

c.      For making or responding to an application for writ of error to the Supreme Court of Texas; and

d.      If application for writ of error is granted by the Supreme Court of Texas.

Plaintiff now asks the Court, pursuant to the Texas Declaratory Judgments Act §37.001 *et. seq.*, for a declaration that his injuries and damages fall within the coverage of the Insurance Policy issued by Defendant James River Insurance Company and for a declaration of his rights to such benefits and judgment against Defendant James River Insurance Company.

## VII.  DECLARATORY RELIEF

Plaintiff asserts claims under Texas Civil Practice and Remedies Code 37.001, *et seq.* to have his rights, status, and other legal relationships under the Insurance Policy which from Defendant James River Insurance Company, established by a court of competent jurisdiction.  Plaintiff seeks a declaration from the Court that:

A.    The negligence of Cole Sotzen in that automobile wreck was the proximate cause of bodily injuries and damages to Plaintiff, which injuries include the following:

1.    Reasonable and necessary health care expenses incurred in the past;

2.    Reasonable and necessary health care expenses, which in all reasonable probability, will be incurred in the future;

3.    Lost wages in the past and loss of earning capacity in the future;

4.    Physical pain and suffering in the past;

5.    Physical pain and suffering which, in all reasonable probability, will be endured in the future;

6.    Mental anguish suffered in the past;

7.     Mental anguish which, in all reasonable probability, will be suffered in the future;

8.     Physical impairment suffered in the past; and

9.     Physical impairment which, in all reasonable probability, will be suffered in the future.

B.     Plaintiff's claim for underinsured motorist benefits under Claim No. 90008949, (hereafter the "Insurance Policy") as a result of a car wreck that occurred on June 22, 2015, is covered under the Insurance Policy;

C.     Plaintiff also seeks a declaration determining the amount of underinsured motorist benefits that he is entitled to recover from Defendant James River Insurance Company, after all applicable set-offs and credits, for each of the following elements of damages covered under the Insurance Policy:

1.     Reasonable and necessary health care expenses incurred in the past;

2.     Reasonable and necessary health care expenses, which in all reasonable probability, will be incurred in the future;

3.     Lost wages in the past and loss of earning capacity in the future;

4.     Physical pain and suffering in the past;

5.     Physical pain and suffering which, in all reasonable probability, will be endured in the future;

6.     Mental anguish suffered in the past;

7.     Mental anguish which, in all reasonable probability, will be suffered in the future;

8.     Physical impairment suffered in the past; and

9.     Physical impairment which, in all reasonable probability, will be suffered in the future.

Pursuant to §37.009 of the Texas Civil Practice and Remedies Code, Plaintiff seeks all costs and reasonable and necessary attorneys' fees, as are equitable and just, which are incurred or which may be incurred in this matter including all such fees and expenses:

a.      For preparation and trial;

b.      For an appeal to the Court of Appeals;

c.      For making or responding to an application for writ of error to the Supreme Court of Texas; and

d.      If application for writ of error is granted by the Supreme Court of Texas.

Plaintiff now asks the Court, pursuant to the Texas Declaratory Judgments Act §37.001 *et. seq.*, for a declaration that his injuries and damages fall within the coverage of the Insurance Policy issued by Defendant James River Insurance Company and for a declaration of his rights to such benefits and judgment against Defendant.

## VIII.  DAMAGES

Plaintiff alleges that as a direct and proximate result of the conduct and negligent acts and omissions of the underinsured motorist, Plaintiff is entitled to recover at least the following damages from Defendant James River Insurance Company:

a.      Reasonable and necessary health care expenses incurred in the past;

b.      Reasonable and necessary health care expenses, which in all reasonable probability, will be incurred in the future;

c.    Lost wages in the past and loss of earning capacity in the future;

d.    Physical pain and suffering in the past;

e.    Physical pain and suffering which, in all reasonable probability, will be endured in the future;

f.    Mental anguish suffered in the past;

g.    Mental anguish which, in all reasonable probability, will be suffered in the future;

h.    Physical impairment suffered in the past; and

i.    Physical impairment which, in all reasonable probability, will be suffered in the future.

## IX.  ATTORNEYS' FEES

Because of the conduct of Defendant, Plaintiff has been forced to engage the services of an attorney to prosecute this action.  Plaintiff is entitled to recover a reasonable sum for the necessary services of the attorneys in the preparation and trial of this action and for any appeals to the court of appeals or the Texas Supreme Court.  Therefore, an award of reasonable attorneys' fees is authorized by §37.009 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE.

## X.  INTEREST

Plaintiff is also entitled to pre-judgment and post-judgment interest and costs of Court as allowed by law.

## XI.  U.S. LIFE TABLES

Notice is hereby given to the Defendant that Plaintiff intends to use the U.S. Life Tables as prepared by the Department of Health and Human Services.

## XII.  JURY TRIAL

Plaintiff demands a trial by jury and includes the appropriate jury fees.

## XIII.  REQUEST FOR DISCLOSURE

Pursuant to Rule 194 of the TEXAS RULES OF CIVIL PROCEDURE the Defendant is requested to disclose, within fifty (50) days of service of this request, the information or material described in Rule 194.2 (a)-(l).

## XIV.  DISCOVERY DOCUMENTS

Contemporaneously with this petition, Plaintiff serves to Defendant Plaintiff's First Set of Interrogatories, First Request for Admissions, and First Request for Production to Defendant.

## XV.  PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendant be cited to appear and answer herein, and that upon final hearing thereof, Plaintiff recover judgment against Defendant for:

1.  Plaintiff's past medical expenses, which are reasonable and customary for the medical care received by Plaintiff;

2.  Plaintiff's future medical expenses;

3.  Plaintiff's lost wages in the past and loss of earning capacity in the future;

4.  Plaintiff's physical pain and suffering in the past and future in an amount to be determined by the jury;

5.  Plaintiff's mental anguish in the past and future in an amount to be determined by the jury;

6.  Plaintiff's physical impairment in the past and future in an amount to be determined by the jury;

7.      Interest on the judgment at the legal rate from the date of judgment;

8.      Pre-judgment interest on Plaintiff's damages as allowed by law;

9.      All costs of court; and

10.     Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**EBERSTEIN & WITHERITE, LLP**

BY:  _/s/ Rachel Hatten Adams_
      **RACHEL HATTEN ADAMS**
      State Bar No. 24101883
      rachel.hatten@ewlawyers.com
      **AMY K. WITHERITE**
      State Bar No. 00788698
      amy.witherite@ewlawyers.com
      10440 N. Central Expressway
      Suite 400
      Dallas, TX 75231-2228
      214/378-6665
      214/378-6670 (fax)

      **ATTORNEYS FOR PLAINTIFF**

## CAUSE NO. DC-17-04787

| | | |
|---|---|---|
| **CLAYTON BENNETT, II;** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | **DALLAS COUNTY, TEXAS** |
| | § | |
| **JAMES RIVER INSURANCE** | § | |
| **COMPANY;** | § | |
| | § | |
| | § | |
| **Defendant.** | § | **298TH JUDICIAL DISTRICT** |

### PLAINTIFF'S FIRST SET OF INTERROGATORIES, FIRST REQUEST FOR ADMISSIONS, AND FIRST REQUEST FOR PRODUCTION TO DEFENDANT

TO:     Defendant, James River Insurance Company.

Plaintiff Clayton Bennett, II propounds Plaintiff's First Set of Interrogatories, First Request for Admissions, First Request for Production, and Request for Privilege Log to Defendant James River Insurance Company pursuant to the Texas Rules of Civil Procedure to be answered by Defendant within fifty (50) days of the date of service.

Respectfully submitted,

**EBERSTEIN & WITHERITE, LLP**


BY: */s/ Rachel Hatten Adams*
**RACHEL HATTEN ADAMS**
State Bar No. 24101883
rachel.hatten@ewlawyers.com
**AMY K. WITHERITE**
State Bar No. 00788698
amy.witherite@ewlawyers.com
10440 N. Central Expressway
Suite 400
Dallas, TX 75231-2228
214/378-6665
214/378-6670 (fax)

**ATTORNEYS FOR PLAINTIFF**


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this document has been

served to the Defendant James River Insurance Company along with Plaintiff's

First Amended Original Petition and Request for Disclosure.


*/s/ Rachel Hatten Adams*
**Rachel Hatten Adams**

## INTERROGATORIES

Plaintiff, pursuant to TRCP 197, serves the attached Interrogatories to be propounded to Defendant.  These questions are being served upon you, the Defendant, James River Insurance Company, and you are notified that Plaintiff specifies that the answers shall be served fifty (50) days after service of this request.  These interrogatories shall be answered separately and fully in writing under oath and signed by the person making them.

## INSTRUCTIONS

1.      The Interrogatories are to be answered separately and fully in writing, be signed under oath, and delivered to the Plaintiff's counsel within fifty (50) days after service hereof.  The answers shall be preceded by the question or interrogatory to which the answer pertains.

2.      These Interrogatories seek answers current to the date of response. Pursuant to the Rules, you are under a duty to supplement your answers, and these Interrogatories shall be deemed continuing in nature to require such supplementation of all additional information as may hereafter be obtained by you, or by any person on your behalf, between the time answers are served and the time of trial.

3.      If any answer is refused in whole or in part on the basis of a claim of privilege or exemption, state the following: (a) the nature of the privilege/exemption claimed; (b) the general nature of the matter withheld (e.g., substance of conversation of the withheld information, name of originator); (c) name(s) of person(s) to whom the information has been imparted; and (d) the extent, if any, to which the information will be provided subject to the privilege/exemption.

## DEFINITIONS

1.      "You," and "Your," and "Defendant" mean Defendant, James River Insurance Company, as captioned in Plaintiff's First Amended Original Petition, and all other person or entities acting on your behalf and all employees who work on your behalf in the course and scope of your employment and in furtherance of your business.  "You" also includes any agent that acts on your behalf.

**PLAINTIFF'S FIRST SET OF INTERROGATORIES, FIRST REQUEST FOR ADMISSIONS, FIRST REQUEST FOR PRODUCTION, AND REQUEST FOR PRIVILEGE LOG TO DEFENDANT JAMES RIVER INSURANCE COMPANY – Page 3**

2.    "Lawsuit" and "case" refer to this lawsuit filed in the District Court of Dallas County, Texas.

3.    "Person" and "witness" means the plural as well as the singular and includes: natural persons, governmental agencies, municipalities, departments, units, or any subdivisions, corporations, firms, associations, partnerships, joint ventures, or any other form of business entity.

4.    The terms "and" and "or" as used herein are to be interpreted both disjunctively and conjunctively.

5.    "Document" and "documents" as used herein shall mean the original and each non-identical copy (whether different from the original because of marginal notes, or other material inserted therein, or attached thereto or otherwise) written or graphic matter, however produced or reproduced, whether sent or received, or neither, including drafts and both sides thereof, and including, but not limited to, printed, typewritten, emails and computer printed or written matter, and mechanical, magnetic and electronic recordings and shall include, without limitation, letters, telegrams, cablegrams, telex messages, TWX messages, correspondence, notations, work papers, transcripts, corporate books or minutes, reports, memoranda studies, summaries, agendas, bulletins, records of telephone or other conversations, or of interviews, conferences or other meetings, maps, charts, plans, specifications, diagrams, photographs, affidavits, statements, statistical diagrams, records, lists, tabulations, memoranda, notes, diaries, calendars, calendar, pads, newspaper clippings, appointment books or records, reports, worksheets, printed business forms, expense account reports or records, contracts, agreements, accounting records (including loan history), promissory notes, security agreements, pledge agreements, guaranties, loan agreements, credit reports, loan applications, financial statements, loan memoranda, private placement memoranda, bank statements, certificates of deposit, letters of credit, bids, quotations, proposals, bills, invoices, statements and other books, records, papers, copies, and drafts and proposed forms of any of such items or matters, or tapes, disks, sound records, computer printouts, data processing input and output, microfilm, microfiche, all other records kept by electronic, photographic, or mechanical means, and items similar to all of the foregoing which were prepared by you or for you, or which are in or subject to your possession, custody, or control. The term "document" shall also include all "writings and recordings" as defined by Rule 1001 of the Texas Rules of Civil Evidence.  If any tape, disk, card, wire, or other electronic or mechanical recording or transcript or any computer program is produced, you shall also produce such documents as are necessary for decoding, playing back, printing out, and/or interpretation thereof, and any other documents

which are necessary to convert such information into a useful and usable format.  If you can demonstrate that the original is unavailable, the terms "document" and "documents" shall also include a copy of the original.

6.      "Identify," as used herein with respect to a person, means to provide the name, address, and telephone number of such person.

7.      "Identify," as used herein with respect to a document, means to state with respect to such document sufficient detail to permit another party to this lawsuit to locate and identify as readily as can you, such document.  Such information and detail might include for each document: (i) the name of the person who prepared it, (ii) the name of the person who signed it, or over whose name it was issued, (iii) the name of each person to whom it was addressed and/or sent or distributed, (iv) the general type of such documents (e.g., letter, memorandum, contract, etc.), (v) the date of such document, or if it bears no date, the date on or about which it was made or prepared, (vi) the physical location of such document, and (vii) the name and address of the persons having possession, custody, or control of such document.  In lieu of providing such information and detail, you may attach such document to your answer to these Interrogatories and indicate for which Interrogatory each document is applicable.

8.      **"Plaintiff"** means the Plaintiff captioned and identified in Plaintiff's Original Petition filed in this matter.

9.      "Negligence" means failure to use ordinary care; that is, failure to do that which a person of ordinary prudence would have done under the same or similar circumstances, or doing that which a person of ordinary prudence would not have done under the same or similar circumstances.

10.     "Ordinary Care" means that degree of care, which would be used by a person of ordinary prudence under the same or similar circumstance.

11.     "Proximate Cause" means a cause that was substantial factor in bringing about an event, and without which cause such event would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using *ordinary care* would have foreseen that the event, or some similar event, might reasonably result therefrom.  There may be more than one proximate cause of an event.

12.     The "collision," "collision in question," or "incident in question" refers to the vehicle collision on Monday, June 22, 2015 on 2400 U.S. Highway 75/North Central Expressway near 3000 North Glenville Drive in Richardson, Collin County, Texas.

**PLAINTIFF'S FIRST SET OF INTERROGATORIES, FIRST REQUEST FOR ADMISSIONS, FIRST REQUEST FOR PRODUCTION, AND REQUEST FOR PRIVILEGE LOG TO DEFENDANT JAMES RIVER INSURANCE COMPANY** – Page 5

## INTERROGATORIES

**INTERROGATORY NO. 1:**         For each request for production filed by Plaintiff in this action, identify each document that you withheld from production under any claim of privilege or other immunity, and for each such document or thing, state the nature of the privilege or immunity claimed.

**ANSWER:**

**INTERROGATORY NO. 2:**         State those facts that you contend refute Plaintiff's claims or substantiate any defense or claim of yours.

**ANSWER:**

**INTERROGATORY NO. 3:**         If you intend to attempt to impeach Plaintiff, Plaintiff's employees, agents, representatives, attorneys or any other natural persons or business or legal entities associated with in any way, acting or purporting to act for or on behalf of Plaintiff, with evidence of a criminal conviction, if any, please describe in detail such evidence, including but not limited to the name of the accused, nature of conviction and charges on which convicted, year of conviction and whether or not parole has been successfully completed or pardon granted.

**ANSWER:**

**INTERROGATORY NO. 4:**         If you claim your name has not been correctly stated in this lawsuit or that you are not liable in the capacity in which you have been sued, please provide your correct legal name and the capacity, if any, which you contend you should have been named in this lawsuit.

**ANSWER:**

**INTERROGATORY NO. 5:**         If Defendant Insurer contends that Plaintiff did not comply with any provisions of The Insurance Policy to bring this lawsuit against Defendant Insurer, specifically identify each provision of The Insurance Policy, and state the basis of such contention.

**ANSWER:**

**INTERROGATORY NO. 6:**         If you contend that The Insurance Policy had been cancelled or for any other reason was not in force and in effect at the time of the wreck which forms the basis of this lawsuit or that Defendant Insurer has a basis to contest coverage of Plaintiff's claims which form the basis of this lawsuit, please state the basis of such contention and specifically identify each portion of

**PLAINTIFF'S FIRST SET OF INTERROGATORIES, FIRST REQUEST FOR ADMISSIONS, FIRST REQUEST FOR PRODUCTION, AND REQUEST FOR PRIVILEGE LOG TO DEFENDANT JAMES RIVER INSURANCE COMPANY – Page 6**

The Insurance Policy, if any, under which Defendant Insurer is contesting coverage.

**ANSWER:**

**INTERROGATORY NO. 7:**        If you contend that Cole J. Sotzen was not an underinsured motorist at the time of the wreck which forms the basis of this lawsuit, please provide the following information:

      A.      Identify each liability bond and/or insurance policies which may provide liability coverage to Cole J. Sotzen by stating the name, address, telephone number of each insurer/bond company which may insure or bond Cole J. Sotzen for any damages sustained by Plaintiff in the wreck which forms the basis of this lawsuit and include the policy number, claim number and amount of coverage you contend is available under each such policy.

      B.      Provide any additional factual basis for your contentions, if any, that Cole J. Sotzen does not qualify as an "underinsured motorist."

**ANSWER:**

**INTERROGATORY NO. 8:**        Provide a brief, general explanation of Defendant Insurer's contentions of how the wreck in question occurred.

      (Include in your explanation, your understanding of each person and/or factor you contend is legally responsible for causing the occurrence and a brief, general statement of facts of why you contend such person(s) or factor(s) caused or contributed to the cause of the wreck.)

**ANSWER:**

**INTERROGATORY NO. 9:**        In addition to any witness statements which have been requested by Plaintiff pursuant to a Request for Disclosure under Rule 194.2(i) of the Texas Rules of Civil Procedure, please describe any other statements which Defendant Insurer claims Plaintiff has made that you contend are relevant to this lawsuit.

**ANSWER:**

**INTERROGATORY NO. 10:**        Identify all witnesses to the wreck which forms the basis of this lawsuit of which Defendant Insurer is aware.

**ANSWER:**

**PLAINTIFF'S FIRST SET OF INTERROGATORIES, FIRST REQUEST FOR ADMISSIONS, FIRST REQUEST FOR PRODUCTION, AND REQUEST FOR PRIVILEGE LOG TO DEFENDANT JAMES RIVER INSURANCE COMPANY** – **Page 7**

**INTERROGATORY NO. 11:**      If Defendant Insurer or its representatives have obtained copies of Plaintiff's employment records, medical records or insurance records other than the records provided by Plaintiff to Defendant Insurer or its representatives, please identify the name of each employer, medical provider and insurer from whom such records were obtained and the date such records were obtained.

**ANSWER:**

**INTERROGATORY NO. 12:**      Provide a brief, general explanation of Defendant Insurer's contentions of the injuries, if any, which Defendant Insurer contends that Plaintiff sustained as a result of the wreck which forms the basis of this lawsuit. If the Defendant Insurer contends that Plaintiff was not injured at all, then state "none" in your answer to indicate your contention.

**ANSWER:**

**INTERROGATORY NO. 13:**      With regard to each vehicle involved in the wreck, which forms the basis of this lawsuit, please state the following:

      A.      Describe generally the areas and extent of damage;

      B.      State the amount of money Defendant Insurer contends it cost or would have cost to repair the vehicle; and

      C       Are you aware of any photographs taken of the damage to the vehicle.

**ANSWER:**

**INTERROGATORY NO. 14:**      For each element of damage listed below, please state the amount, if any, of compensation Defendant Insurer contends would fairly and reasonably compensate Plaintiff for the injuries sustained as a result of the wreck which forms the underlying basis of this lawsuit.

      a.   Reasonable expenses of necessary medical care in the past:
_____

      b.   Physical pain and suffering and mental anguish in the past:
_____

      c.   Physical impairment in the past.
_____

**ANSWER:**

      a.  Reasonable expenses of necessary medical care in the past:
_____

      b.  Physical pain and suffering and mental anguish in the past:
_____

      c.  Physical impairment in the past.
_____

**INTERROGATORY NO. 15:**     In addition to the damages, if any, listed by Defendant Insurer in answer to the previous Interrogatory, do you acknowledge that The Insurance Policy will also pay Plaintiff's damages, if any, that will, in reasonable probability, be incurred in the future which are related to the wreck which forms the underlying basis of this lawsuit.

If your answer is "Yes," for each element of damage listed below please state the amount, if any, of compensation Defendant Insurer contends Plaintiff will, in reasonable probability incur in the future which are related to the wreck which forms the underlying basis of this lawsuit.

      a.  Reasonable expenses of necessary medical care in the future:
_____

      b.  Physical pain and suffering and mental anguish in the future:
_____

      c.  Physical impairment in the future:
_____

**ANSWER:**

      a.  Reasonable expenses of necessary medical care in the future:
_____

      b.  Physical pain and suffering and mental anguish in the future:
_____

      c.  Physical impairment in the future:
_____

**INTERROGATORY NO. 16:**       If Defendant Insurer contends that the injuries or damages alleged by Plaintiff were caused, in whole or in part, by an event other than the wreck which forms the basis of this lawsuit, please identify each such alleged event by date and generally describe each such event or occurrence by category such as "Motor Vehicle Accident" or other general category of incident or description.
**ANSWER:**

**INTERROGATORY NO. 17:**       Describe all agreements between Defendant Insurer and Cole J. Sotzen or his representatives.

**ANSWER:**

## REQUEST FOR ADMISSIONS

Pursuant to Rule 198 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff serves the following Request for Admissions to Defendant James River Insurance Company.  Defendant is requested to respond fully, in writing, and in accordance with Rule 198 of the TEXAS RULES OF CIVIL PROCEDURE.  The admissions requested are to be responded to fifty (50) days after service of this request.  The failure to answer within the prescribed period may result in the Admissions being deemed admitted by the aforementioned Court.  <u>If you fail to admit a matter upon which Plaintiff later has to prove at his expense, you may have to pay for the costs of such proof if you do not have good cause for admitting the request when such request was served</u>.

**ADMISSION NO. 1:**       Plaintiff's correct legal name is Clayton Bennett, II.

**RESPONSE:**

**ADMISSION NO. 2:**       Defendant's correct legal name is James River Insurance Company.

**RESPONSE:**

**PLAINTIFF'S FIRST SET OF INTERROGATORIES, FIRST REQUEST FOR ADMISSIONS, FIRST REQUEST FOR PRODUCTION, AND REQUEST FOR PRIVILEGE LOG TO DEFENDANT JAMES RIVER INSURANCE COMPANY – Page 10**

**ADMISSION NO. 3:**        Venue of this case is appropriate in Dallas County, Texas.

**RESPONSE:**

**ADMISSION NO. 4:**        Defendant has been served and has appeared before the court.

**RESPONSE:**

**ADMISSION NO. 5:**        On June 22, 2015, Plaintiff Clayton Bennett, II, was involved in a wreck that occurred in Richardson, Collin County, Texas.

**RESPONSE:**

**ADMISSION NO. 6:**        At the time of the wreck, Cole J. Sotzen was the driver of the vehicle that collided with Plaintiff's vehicle.

**RESPONSE:**

**ADMISSION NO. 7:**        The cause of the wreck was Cole J. Sotzen's negligent operation of his motor vehicle.

**RESPONSE:**

**ADMISSION NO. 8:**        The cause of the wreck was not Cole J. Sotzen's negligent operation of his motor vehicle.

**RESPONSE:**

**ADMISSION NO. 9:**        Cole J. Sotzen's negligence did contribute to the cause of the wreck.

**RESPONSE:**

**ADMISSION NO. 10:**        Cole J. Sotzen's negligence did not contribute to the cause of the wreck.

**RESPONSE:**

**ADMISSION NO. 11:**        Plaintiff's negligence did contribute to the cause of the wreck.

**RESPONSE:**

**PLAINTIFF'S FIRST SET OF INTERROGATORIES, FIRST REQUEST FOR ADMISSIONS, FIRST REQUEST FOR PRODUCTION, AND REQUEST FOR PRIVILEGE LOG TO DEFENDANT JAMES RIVER INSURANCE COMPANY** – **Page 11**

**ADMISSION NO. 12:**   Plaintiff's negligence did not contribute to the cause of the wreck.

**RESPONSE:**

**ADMISSION NO. 13:**   Cole J. Sotzen was negligent in causing, in whole or part, the wreck.

**RESPONSE:**

**ADMISSION NO. 14:**   Cole J. Sotzen was not negligent in causing, in whole or part, the wreck.

**RESPONSE:**

**ADMISSION NO. 15:**   Plaintiff was negligent in causing, in whole or part, the wreck.

**RESPONSE:**

**ADMISSION NO. 16:**   Plaintiff was not negligent in causing, in whole or part, the wreck.

**RESPONSE:**

**ADMISSION NO. 17:**   On the day of the wreck, Cole J. Sotzen operated his vehicle in a negligent manner proximately causing the wreck.

**RESPONSE:**

**ADMISSION NO. 18:**   On the day of the wreck, Cole J. Sotzen did not operate his vehicle in a negligent manner proximately causing the wreck.

**RESPONSE:**

**ADMISSION NO. 19:**   The wreck was caused by an act of God.

**RESPONSE:**

**ADMISSION NO. 20:**   A driver other than Cole J. Sotzen proximately caused, in whole or part, the wreck.

**RESPONSE:**

**ADMISSION NO. 21:**        A driver other than Cole J. Sotzen did not proximately cause, in whole or part, the wreck.

**RESPONSE:**

**ADMISSION NO. 22:**        The impact of the wreck was mild in the opinion of Defendant.

**RESPONSE:**

**ADMISSION NO. 23:**        The impact of the wreck was moderate in the opinion of Defendant.

**RESPONSE:**

**ADMISSION NO. 24:**        The impact of the wreck was severe in the opinion of Defendant.

**RESPONSE:**

**ADMISSION NO. 25:**        The impact of the wreck injured Plaintiff Clayton Bennett, II.

**RESPONSE:**

**ADMISSION NO. 26:**        Weather was a contributing factor in causing the wreck.

**RESPONSE:**

**ADMISSION NO. 27:**        The medical treatment received by Plaintiff Clayton Bennett, II, for injuries caused by the wreck was reasonable and necessary.

**RESPONSE:**

**ADMISSION NO. 28:**        Defendant has a basis to challenge the amount or type of medical care and treatment received by Plaintiff Clayton Bennett, II, for injuries caused by the wreck.

**RESPONSE:**

**ADMISSION NO. 29:**        At the time of the occurrence that forms the basis of this lawsuit, Plaintiff was insured under a policy of insurance with Defendant Insurer that contained coverage for Underinsured Motorist coverage.

**RESPONSE:**

**ADMISSION NO. 30:** At the time of the occurrence which forms the basis of this lawsuit, The Insurance Policy contained commercial per person coverage for Underinsured Motorist benefits for bodily injury damages.

**RESPONSE:**

**ADMISSION NO. 31:** At the time of the occurrence which forms the basis of this lawsuit, The Insurance Policy with Defendant Insurer contained coverage for Underinsured Motorist benefits which represents it will pay for damages which a covered person is legally entitled to recover from the owner or operator of an underinsured motor vehicle because of bodily injury sustained by a covered person, or property damage, caused by an accident.

**RESPONSE:**

**ADMISSION NO. 32:** At the time of the occurrence that forms the basis of this lawsuit, Plaintiff Clayton Bennett, II, is a driver listed under The Insurance Policy.

**RESPONSE:**

**ADMISSION NO. 33:** At the time of the occurrence that forms the basis of this lawsuit, Plaintiff is covered under The Insurance Policy.

**RESPONSE:**

**ADMISSION NO. 34:** Admit that the motor vehicle wreck which forms the basis of this lawsuit constitutes an “accident” as defined by The Insurance Policy.

**RESPONSE:**

**ADMISSION NO. 35:** Admit that Plaintiff promptly notified Defendant Insurer of the accident that forms the basis of this lawsuit.

**RESPONSE:**

**ADMISSION NO. 36:** Admit that Plaintiff complied with all of his duties to Defendant Insurer under The Insurance Policy that relate to the claims made the basis of this lawsuit.

**RESPONSE:**

**ADMISSION NO. 37:**      Admit that Defendant Insurer is not contending that Plaintiff did not comply with any of his duties owed to Defendant Insurer under The Insurance Policy that relate to the claims made the basis of this lawsuit.

**RESPONSE:**

**ADMISSION NO. 38:**      Defendant Insurer is aware of any liability insurance policy which may have been in effect to cover Cole J. Sotzen's duty to pay for damages which Plaintiff was legally entitled to recover from Cole J. Sotzen as a result of the wreck which forms the basis of this lawsuit.

**RESPONSE:**

**ADMISSION NO. 39:**      Defendant Insurer is unaware of any liability bond which may have been in effect to cover Cole J. Sotzen's duty to pay for damages which Plaintiff was legally entitled to recover from Cole J. Sotzen as a result of the wreck which forms the basis of this lawsuit.

**RESPONSE:**

**ADMISSION NO. 40:**      Cole J. Sotzen is considered an "underinsured motorist" under The Insurance Policy.

**RESPONSE:**

**ADMISSION NO. 41:**      At the time of the occurrence that forms the basis of this lawsuit, The Insurance Policy which contained coverage for Underinsured Motorist benefits is policy number Claim No. 90008949.

**RESPONSE:**

**ADMISSION NO. 42:**      At the time of the occurrence that forms the basis of this lawsuit, Defendant Insurer admits that The Insurance Policy was in force and in effect.

**RESPONSE:**

**ADMISSION NO. 43:**      At the time of the occurrence that forms the basis of this lawsuit, The Insurance Policy had not been cancelled.

**RESPONSE:**

**ADMISSION NO. 44:**      At the time of the occurrence that forms the basis of this lawsuit, Defendant Insurer admits that all applicable premiums for The Insurance Policy had been paid.

**PLAINTIFF'S FIRST SET OF INTERROGATORIES, FIRST REQUEST FOR ADMISSIONS, FIRST REQUEST FOR PRODUCTION, AND REQUEST FOR PRIVILEGE LOG TO DEFENDANT JAMES RIVER INSURANCE COMPANY – Page 15**

**RESPONSE:**

**ADMISSION NO. 45:**     Defendant Insurer does not contend that Plaintiff failed to give proper written notice of the Underinsured Motorist claims that form the basis of this lawsuit.

**RESPONSE:**

**ADMISSION NO. 46:**     Admit that Cole J. Sotzen's negligence proximately caused the motor vehicle accident that forms the underlying basis of this lawsuit.

**RESPONSE:**

**ADMISSION NO. 47:**     Admit that Cole J. Sotzen's negligence was the sole proximate cause of the motor vehicle accident that forms the underlying basis of this lawsuit.

**RESPONSE:**

**ADMISSION NO. 48:**     Admit that Defendant Insurer has no evidence that Plaintiff Clayton Bennett, II was negligent and proximately caused the motor vehicle accident that forms the basis of this lawsuit.

**RESPONSE:**

**ADMISSION NO. 49:**     Admit that Defendant Insurer believes that Plaintiff was injured as a result of the motor vehicle accident that forms the underlying basis of this lawsuit.

**RESPONSE:**

**ADMISSION NO. 50:**     Admit that Defendant Insurer believes it was appropriate for Plaintiff to seek medical care as a result of the motor vehicle accident that forms the basis of this lawsuit.

**RESPONSE:**

**ADMISSION NO. 51:**     Admit that Defendant Insurer contends that Plaintiff's health insurance is other insurance of same kind that may be available to satisfy all or part of the loss sustained as a result of the motor vehicle accident which forms the basis of this lawsuit as the under insured motorist coverage available to Plaintiff through The Insurance Policy.

**RESPONSE:**

**PLAINTIFF'S FIRST SET OF INTERROGATORIES, FIRST REQUEST FOR ADMISSIONS, FIRST REQUEST FOR PRODUCTION, AND REQUEST FOR PRIVILEGE LOG TO DEFENDANT JAMES RIVER INSURANCE COMPANY – Page 16**

**ADMISSION NO. 52:**        Defendant Insurer admits that Plaintiff's under insured motorist claim, which forms the basis of this lawsuit against Defendant Insurer, is a first-party claim.

**RESPONSE:**

Pursuant to Rule 196 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff

serves the following Requests for Production of Documents on Defendant James

River Insurance Company.  Defendant is requested to respond fully, in writing, and

in accordance with TRCP 196.  The documents requested are to be produced to

Plaintiff's counsel within fifty (50) days after service of this request.  You are further

advised that you are under a duty to reasonably supplement your answer.

**NOTE:  For each separately numbered request below please**

**delineate each set of documents so that it can be easily ascertained which**

**documents relate to which numbered request**.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**   Please produce a copy of the entire insurance policy number 30008949 including, but not limited to all endorsements, riders, exclusions, coverage sheets and declaration pages.

**RESPONSE:**

**REQUEST NO. 2:**   Please produce a copy of the non-privileged portions of the insurance claims file prepared prior to the date on which you contend litigation on this Claim was anticipated.

**RESPONSE:**

**REQUEST NO. 3:**   Please produce a copy of all documents which you contend support or evidence when you contented that you reasonably anticipated litigation on this Claim.

**RESPONSE:**

**PLAINTIFF'S FIRST SET OF INTERROGATORIES, FIRST REQUEST FOR ADMISSIONS, FIRST REQUEST FOR PRODUCTION, AND REQUEST FOR PRIVILEGE LOG TO DEFENDANT JAMES RIVER INSURANCE COMPANY – Page 17**

**REQUEST NO. 4:**   Please produce all documents, if any, which support any contention by you:

      a.      The Insurance Policy was not in effect at the time of the occurrence;

      b.      The Insurance Policy had been cancelled for any reason at the time of the occurrence;

      c.      Plaintiff has not complied with any provision or part of The Insurance Policy in making the claims which form the basis of this lawsuit; or

      d.      There is no coverage for any part or all of Plaintiff's claims against Defendant Insurer.

**RESPONSE:**

**REQUEST NO. 5:**   Produce a copy of all documents which evidence the date and the amounts paid by you on this Claim or any part of this Claim.

**RESPONSE:**

**REQUEST NO. 6:**   Please produce a copy of all settlement offers made by you to Plaintiff regarding this Claim.

**RESPONSE:**

**REQUEST NO. 7:**   A copy of all 911 tapes or transcripts regarding this Claim.

**RESPONSE:**

**REQUEST NO. 8:**   Please produce a copy of all documents and correspondence between you and Plaintiff's medical providers.

**RESPONSE:**

**REQUEST NO. 9:**   Please produce a copy of all documents and correspondence between you and Plaintiff's employers.

**RESPONSE:**

**REQUEST NO. 10:**  Please produce a copy of any and all police reports and other governmental reports concerning this Claim and/or Plaintiff.

**RESPONSE:**

**PLAINTIFF'S FIRST SET OF INTERROGATORIES, FIRST REQUEST FOR ADMISSIONS, FIRST REQUEST FOR PRODUCTION, AND REQUEST FOR PRIVILEGE LOG TO DEFENDANT JAMES RIVER INSURANCE COMPANY – Page 18**

**REQUEST NO. 11:** Please produce a color copy of all videotapes, photographs, or electronic images depicting:

   a.   Plaintiff;
   b.   Any other person involved in the occurrence;
   c.   The occurrence and/or scene of the occurrence;
   d.   Re-enactments or re-creations of the occurrence;
   e.   Any tangible instrumentalities involved in the occurrence which forms the basis of this lawsuit; and
   f.   All property damaged in the occurrence which forms the basis of this lawsuit.

**RESPONSE:**

**REQUEST NO. 12:** Please produce a color copy of all videotapes, photographs, or electronic images depicting any real or personal property owned by Plaintiff involved in the Claim.

**RESPONSE:**

**REQUEST NO. 13:** Please produce a copy of all documents evidencing the fair market value of property that Plaintiff was or is alleged to have been involved in or damaged in the occurrence which forms the basis of this lawsuit.

**RESPONSE:**

**REQUEST NO. 14:** Please produce a copy of all documents evidencing the cost to repair property that was or is alleged to have been involved in or damaged in the occurrence which forms the basis of this lawsuit.

**RESPONSE:**

**REQUEST NO. 15:** Please produce a copy of all documents evidencing the replacement cost of all property which was or is alleged to have been damaged or destroyed as a result of the occurrence which forms the basis of this lawsuit

**RESPONSE:**

**REQUEST NO. 16:** Please produce a copy of all documents, or other materials used by you, to determine the value of or costs to repair or to replace any property that was or is alleged to have been damaged or destroyed as a result of the occurrence which forms the basis of this lawsuit

**RESPONSE:**

**PLAINTIFF'S FIRST SET OF INTERROGATORIES, FIRST REQUEST FOR ADMISSIONS, FIRST REQUEST FOR PRODUCTION, AND REQUEST FOR PRIVILEGE LOG TO DEFENDANT JAMES RIVER INSURANCE COMPANY – Page 19**

**REQUEST NO. 17:** Other than the photographs, videotapes or electronic images produced by you in response to the above listed Requests for Production, please produce a color copy of any and all photographs, videotapes, electronic images and/or diagrams which concern any issues raised by the pleadings in this case.

**RESPONSE:**

**REQUEST NO. 18:** Please produce a copy of all medical, employment and insurance records regarding Plaintiff that you have obtained through the use of any authorization provided to you by Plaintiff.

**RESPONSE:**

**REQUEST NO. 19:** Please produce a copy of all medical, employment, and insurance records regarding Plaintiff that you have obtained through any subpoena or any deposition.

**RESPONSE:**

**REQUEST NO. 20:** A copy of all Southwest Index Bureau a/k/a SWIB reports regarding this Claim or Plaintiff.

**RESPONSE:**

**REQUEST NO. 21:** A copy of all Examinations Under Oath pertaining to this Claim.

**RESPONSE:**

**REQUEST NO. 22:** Please produce a copy of all statements of Plaintiff, as well as any statements of any party to this lawsuit and any person with knowledge of relevant facts, which have not been produced by you in response to Plaintiff's Request for Disclosure.

**RESPONSE:**

**REQUEST NO. 23:** Pursuant to Rule 609(f) of the Texas Rules of Civil Evidence, please produce a copy of all records of Plaintiff, any convictions of Plaintiff and any person with knowledge of relevant facts.

**RESPONSE:**

**REQUEST NO. 24:** Please produce a copy of any and all estimates, invoices, or other documents pertaining to the cost of damage sustained by all vehicles involved in the collision in question.

**RESPONSE:**

**REQUEST NO. 25:** In the event you contend that any vehicle involved in the occurrence was defective or that the mechanical condition of the vehicle caused or in any way contributed to the cause of the occurrence in question, please produce a copy of any and all documents reflecting repair and/or maintenance to such vehicle from one (1) year prior to the incident in question to present as well as all records concerning the alleged defective condition(s) which caused or contributed to the cause of the collision in question.

**RESPONSE:**

**REQUEST NO. 26:** Produce a copy of all documents which form the basis of any contention that Plaintiff was negligent or otherwise caused or contributed to the accident which forms the underlying basis of this lawsuit.

**RESPONSE:**

**REQUEST NO. 27:** Produce a copy of all documents which provide a description of any "Jane Doe" and "John Doe," and "Responsible Third Party" if any, whose identity is allegedly unknown but whom you contends caused or contributed to the harm for which a recovery has been sought in this matter.

**RESPONSE:**

**REQUEST NO. 28:** Produce a copy of all documents which provide a description of the facts, if any, which form the basis of any contentions, if any, that the occurrence which forms the basis of this lawsuit was caused in whole or in part by any "Jane Doe" and "John Doe," persons whose identity is allegedly unknown but whom you contend caused or contributed to the harm for which a recovery has been sought in this matter.

**RESPONSE:**

**REQUEST NO. 29:** In the event the carrier of any pertinent policies has settled any claims of any other person(s) as a result of this occurrence which has or which may reduce the amount of coverage available to compensate Plaintiff, please produce a copy of each settlement agreement or other document reflecting that other claims have been settled or reductions have been taken or may be taken against the amount of policy limits originally available under the policy(s).

**RESPONSE:**

**REQUEST NO. 30:** In the event the claim is being handled by the insurance carrier on a reservation of rights, please produce a copy of any and all communications from the carrier relevant to such reservation.

**RESPONSE:**

**REQUEST NO. 31:** In the event the pertinent policies are aggregate policies and the annual aggregates have been reduced, please produce a copy of any and all settlement documents and/or agreements relevant to the payment of such claims, reducing such aggregates.

**RESPONSE:**

**REQUEST NO. 32:** In the event the carrier of any pertinent policies has given you notice of financial impairment or potential financial impairment, please produce a copy of any and all written communications from the carrier relevant to such notice.

**RESPONSE:**

**REQUEST NO. 33:** Please produce a copy of all report(s) generated for you for medical review of medical bills or records audits of any kind, reports or audits of any kind prepared in the ordinary course of business or prior to the anticipation of litigation, pertaining to the accident or injuries, medical treatment or medical bills.

**RESPONSE:**

**REQUEST NO. 34:** Please produce a copy of any and all checks paid by or on behalf of you to Plaintiff as a result of the occurrence in question.

**RESPONSE:**

**REQUEST NO. 35:** Please produce a copy of any and all exhibits, models, visual aids, experiments, documents, or other writings or any item of demonstrative evidence that will be used in the trial of this lawsuit.

**RESPONSE:**

**REQUEST NO. 36:** Please produce a copy of the first written notice of this Claim received by you.

**RESPONSE:**

**REQUEST NO. 37:** Please produce a copy of all documents and correspondence between you, your employees, agents and representatives and Plaintiff regarding this Claim from the time when you first received written notice of this Claim through the date of the filing of this lawsuit.

**RESPONSE:**

**REQUEST NO. 38:** Pursuant to §542.055 of the Texas Insurance Code, please produce a copy of all written acknowledgments of this Claim sent by or on behalf of you.

**RESPONSE:**

**REQUEST NO. 39:** Please produce a copy of all documents in which, pursuant to §542.055 of the Texas Insurance Code, evidence when and what investigation was commenced by you regarding this Claim.

**RESPONSE:**

**REQUEST NO. 40:** Produce a copy of all documents evidencing a rejection of this Claim or any portion thereof.

**RESPONSE:**

**REQUEST NO. 41:** Produce a copy of all documents in which Defendant Insurer contends it notified Plaintiff that it will pay this Claim or part of this Claim.

**RESPONSE:**

**REQUEST NO. 42:** If you contend that payment of this Claim or part of this Claim is or was conditioned on the performance of an act by the claimant, please produce a copy of all documents evidencing or describing the conditions and/or acts required before payment of this Claim or part of this Claim would or could be made.

**RESPONSE:**

**REQUEST NO. 43:** If Defendant Insurer contends it is an "eligible surplus lines insurer" as defined by the Texas Insurance Code, produce all documents which evidence your status as an eligible surplus lines insurer.

**RESPONSE:**

**REQUEST NO. 44:** Produce a copy of all records and documents pertaining to suits, other than the one at hand, in which Plaintiff was a party.

**RESPONSE:**

**REQUEST NO. 45:** Please produce a copy of all documents which you contend support the basis of you decisions not to pay the amounts demanded by Plaintiff in settlement of the claims made the basis of this lawsuit.

**RESPONSE:**

**REQUEST NO. 46:** For each and every expert witness that you have specially employed or in the ordinary course of business (including its agents, representatives, employees and vice-principals), please produce a copy of the following items in your possession, custody or control:

(a)     All tests, photographs, movies and/or videotapes, films and/or image-recording films of any nature, diagrams, sketches, graphs, computer-assisted calculations and recreations and/or models and mock-ups generated by or provided to the expert relevant to his/her

**PLAINTIFF'S FIRST SET OF INTERROGATORIES, FIRST REQUEST FOR ADMISSIONS, FIRST REQUEST FOR PRODUCTION, AND REQUEST FOR PRIVILEGE LOG TO DEFENDANT JAMES RIVER INSURANCE COMPANY** – Page 24

involvement in the instant case and/or relevant to the testimony he/she may give at trial;

(b)     For any consulting expert whose work product has been reviewed by an expert who may testify on your behalf at trial, please similarly provide all the items requested above and below;

(c)     Documents concerning monies paid or to be paid to such experts related to this cause of action;

(d)     Documents, including correspondence, relating to the date and/or circumstances on which such expert was retained in this cause of action;

(e)     Reports and depositions given by such expert in which such expert was retained by you and/or your counsel's law firm, in personal injury cases other than the one made the basis of this suit;

(f)     Any and all correspondence to or from such experts and you and/or your counsel's law firm regarding this case; and

(g)     All documents, tests, or reports reviewed by such expert in formulating his/her opinion(s) in this case.

**RESPONSE:**

**REQUEST NO. 47:** Any and all data downloaded or otherwise retrieved from an event data recorder from each of the vehicles involved in the collision, including, without limitation, data retrieved from Airbag Control Modules, Sensing Diagnostic Modules, Rollover Sensors, Restraint Control Modules, Occupant Restraint Controllers - and all data retrieved through any crash data retrieval system.

**RESPONSE:**

**REQUEST NO. 48:** Produce any profiles, photographs, postings or messages (including status updates, wall comments, causes joined, groups joined, activity streams, blog entries) from any social networking or social media site (e.g. Facebook, Twitter, Myspace) from one year before the date of the Incident through the present, that reveal, refer or relate to the Defendant in any manner which you intend to use as evidence to impeach any of the witnesses identified in any parties answers to Interrogatories or responses to Request for Disclosure or which you intend to use as evidence to impeach Defendant or any of the representatives, agents or employees of Defendant.

**RESPONSE:**

## REQUEST FOR PRIVILEGE LOG TO BE ANSWERED
## <u>WITHIN 50 DAYS OF SERVICE</u>

<u>Privilege Log</u>:  If you are withholding documents based upon the assertion of a privilege, please produce a privilege log in accordance with Rule 193.3 (b), detailing with reasonable particularity a description of the documents withheld, the number of documents, and the privilege which you claim properly precludes the information from being discovered.  Specifically do the following:

    (a)    Detail the privilege asserted;

    (b)    Provide the title of the document(s) upon which the privilege is asserted;

    (c)    Provide the general substance of the document(s) upon which you claim there is a privilege;

    (d)    Identify the location and custodian of the document(s)

    (e)    Give a brief description why, in your view, the privilege shields the document from discovery; and

    (f)    Bates stamp the documents upon which you claim there is a privilege for in camera inspection at a later hearing.

EXHIBIT C6

**FORM NO.  353-4—CITATION**

~~**THE STATE OF TEXAS**~~

**To:    JAMES RIVER INSURANCE COMPANY**
BYSERVING THE COMMISSIONER OF INSURANCE
333 GUADALUPE
AUSTIN TX 78714-9104

P.O. BOX 27648,
RICHMOND, VA 23261

**CITATION**

No.: **DC-17-04787**

CLAYTON BENNETT, II
vs.
JAMES RIVER INSURANCE COMPANY

GREETINGS:
You have been sued. You may employ an attorney.  If you or your attorney do not file a written answer with    the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and **FIRST AMENDED** petition, a default judgment may be taken against you.
  Your answer should be addressed to the clerk of the **298th District Court**
at 600 Commerce Street, Dallas, Texas 75202.

Said **PLAINTIFF** being **CLAYTON BENNETT, II**

Filed in said Court 31st day of May, 2017 against
**JAMES RIVER INSURANCE COMPANY**

  For suit, said suit being numbered  **DC-17-04787**  the nature of which demand is as follows:
  Suit On  **MOTOR VEHICLE ACCIDENT** etc.
as shown on said petition **REQUEST FOR ADMISSIONS, DISCLOSURE, INTERROGATORIES, AND PRODUCTION**, a copy of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
  Given under my hand and the Seal of said Court at office **on this the 1st day of June, 2017**
ATTEST: FELICIA PITRE
Clerk of the District Courts of Dallas, County, Texas

By_____, Deputy
  /s/ Kharon Williams
      **KHARON WILLIAMS**

ISSUED
**ON THIS THE 1ST DAY OF JUNE, 2017**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

  By **KHARON WILLIAMS**, Deputy
_____

Attorney for : Plaintiff
  **RACHEL HATTEN ADAMS**
  **10440 N CENTRAL EXPRESSWAY**
  **SUITE 400**
  **DALLAS TX  75231-2228**
  **214-378-6665**
  **RACHEL.HATTEN@EWLAWYERS.COM**



**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

**OFFICER'S RETURN**
**FOR INDIVIDUALS**

Cause No. DC-17-04787

Court No: 298th District Court

Style: CLAYTON BENNETT, II
  vs.
JAMES RIVER INSURANCE COMPANY

      Received this Citation the _____day of_____, 20_____at_____o'clock.  Executed at _____, within the County of _____, State of_____, on the _____day of _____, 20_____, at _____o'clock, by delivering to the within named_____ each in person, a copy of this Citation together with the accompanying copy of Plaintiff's original petition, having first indorsed on same the date of delivery.

----------000000----------

**OFFICER'S RETURN**
**FOR CORPORATIONS**

Received this Citation the _____day of_____, 20_____at_____o'clock ___.M.  Executed at _____, within the County of _____, State of_____, on the _____day of _____, 20_____, at _____ o'clock ____ .M. by summoning the within named Corporation,_____ by delivering to _____    _____ ____
_____     President - Vice President - Registered Agent - in person, of the said
_____
    a true copy of this citation together with the accompanying copy of Plaintiff's FIRST AMENDED petition, having first indorsed on same the date of delivery.

----------000000----------

The distance actually traveled by me in serving such process was _____ miles and my fees are as follows:    To certify which witness by my hand.

For Serving Citation    $_____    Sheriff_____
For Mileage    $_____    County of_____
For Notary    $_____    State of_____
    Total Fees    $_____    By_____

(Must be verified if served outside the State of Texas)
State of_____
County of_____
    Signed and sworn to me by the said_____before me this_____
day of _____, 20_____, to certify which witness my hand and seal of office.

_____

            Seal                                State & County of

_____

EXHIBIT C7

FILED
DALLAS COUNTY
7/3/2017 4:22 PM
FELICIA PITRE
DISTRICT CLERK

**TEXAS DEPARTMENT OF INSURANCE**

General Counsel Division (113-2A)
333 Guadalupe, Austin, Texas 78701 ★ PO Box 149104, Austin, Texas 78714-9104
(512) 676-6585 | F: (512) 490-1064 | (800) 578-4677 | TDI.texas.gov | @TexasTDI

May 17, 2017

Rachel H. Adams
Eberstein & Witherite, LLP
10440 N. Central Expressway, Suite 400
Dallas, Texas 75231-2228

RE: Cause No: DC-17-04787; styled *Clayton Bennett, II vs. James River Insurance Company*;
in the 298th Judicial District Court, Dallas County, Texas

Greetings:

On May 15, 2017, the enclosed documents were received in the office of the Commissioner of
Insurance for service of process.  The documents received are being returned to your office for
the reasons indicated below.

**James River Insurance Company's** petition does not indicate the Commissioner of Insurance
as the agent for service.  Enclosed are the Attorney for Service Guidelines.

Please refer to the Texas Administrative Code, Title 28, Chapter 7, Rule §7.1414 and Chapter
804 of the Texas Insurance Code for service of process information.

Please do not hesitate to call me if you have questions.

Sincerely,

Tish Wilhelm
General Counsel
tish.wilhelm@tdi.texas.gov
(512) 676-6543

Enclosures

c:  Dallas County District Clerk
    *E-filed*

EXHIBIT C8

FILED
DALLAS COUNTY
6/30/2017 4:24 PM
FELICIA PITRE
DISTRICT CLERK

Dianne Coffey

## AFFIDAVIT OF SERVICE

**State of Texas**                    **County of Dallas**                    **298th District Court**

Case Number: DC-17-04787

Plaintiff:
**Clayton Bennett, II**

vs.

Defendant:
**James River Insurnace Company**

Received by Stinnett Process LLC on the 21st day of June, 2017 at 11:20 am to be served on **James River Insurance Company c/o RA: Texas Commissioner of Insurance, 333 Guadalupe St., Austin, TX 78701**.

I, Barbara C. Stinnett, being duly sworn, depose and say that on the **22nd day of June, 2017** at **2:24 pm, I:**

Delivered a true copy of the **Citation; Plaintiff's First Amended Original Petition and Discovery Requests to Defendant; Defendant's First Set of Interrogatories, First Request for Admissions, and First Request for Production to Defendant** with the date of service endorsed thereon by me, to **James River Insurance Company c/o RA: Texas Commissioner of Insurance**, by delivering to its designated agent, **Tish Wilhelm**, at the address of **333 Guadalupe St., Austin, TX 78701,** and informed said person of the contents therein, in compliance with state statutes.

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.

State of _Texas_ , County of _Travis_

Subscribed and Sworn to before me on the _22_ day of _June_ , _2017_ by the affiant who is personally known to me.

_____
NOTARY PUBLIC

HARRISON STINNETT
My Notary ID # 129047716
Expires July 9, 2020

_____
**Barbara C. Stinnett**
SCH: 1181; Exp: 07/31/2017

**Stinnett Process LLC**
**P.O. Box 684627**
**Austin, TX 78768**
**(512) 797-3399**

Our Job Serial Number: SNN-2017000745

Copyright © 1992-2017 Database Services, Inc. - Process Server's Toolbox V7.1h

**FORM NO. 353-4—CITATION**
~~THE STATE OF TEXAS~~

**CITATION**

To:    **JAMES RIVER INSURANCE COMPANY**
        BYSERVING THE COMMISSIONER OF INSURANCE
        333 GUADALUPE
        AUSTIN TX 78714-9104

        P.O. BOX 27648,
        RICHMOND, VA 23261

| No.: DC-17-04787 |
| --- |

CLAYTON BENNETT, II
vs.
JAMES RIVER INSURANCE COMPANY

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with   the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and **FIRST AMENDED** petition, a default judgment may be taken against you.
   Your answer should be addressed to the clerk of the **298th District Court**
at 600 Commerce Street, Dallas, Texas 75202.

Said **PLAINTIFF** being **CLAYTON BENNETT, II**

Filed in said Court 31st day of May, 2017 against
**JAMES RIVER INSURANCE COMPANY**

   For suit, said suit being numbered  **DC-17-04787**  the nature of which demand is as follows:
   Suit On  **MOTOR VEHICLE ACCIDENT** etc.
as shown on said petition **REQUEST FOR ADMISSIONS, DISCLOSURE, INTERROGATORIES, AND PRODUCTION,** a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
  Given under my hand and the Seal of said Court at office **on this the 1st day of June, 2017**
ATTEST: FELICIA PITRE
Clerk of the District Courts of Dallas, County, Texas

             /s/ Kharon Williams
      By_____, Deputy
           **KHARON WILLIAMS**

**ISSUED
ON THIS THE 1ST DAY OF JUNE, 2017**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By **KHARON WILLIAMS**, Deputy

Attorney for : Plaintiff
**RACHEL HATTEN ADAMS
10440 N CENTRAL EXPRESSWAY
SUITE 400
DALLAS TX  75231-2228
214-378-6665
RACHEL.HATTEN@EWLAWYERS.COM**

**DALLAS COUNTY
SERVICE FEES
NOT PAID**



## OFFICER'S RETURN
## FOR INDIVIDUALS

Cause No. DC-17-04787

Court No: 298th District Court

Style: CLAYTON BENNETT, II
vs.
JAMES RIVER INSURANCE COMPANY

Received this Citation the _____ day of _____, 20____ at _____ o'clock.  Executed at _____, within the County of _____, State of _____, on the _____ day of _____, 20____, at _____ o'clock, by delivering to the within named_____ each in person, a copy of this Citation together with the accompanying copy of Plaintiff's original petition, having first indorsed on same the date of delivery.

----------000000----------

## OFFICER'S RETURN
## FOR CORPORATIONS

Received this Citation the _____ day of _____, 20____ at _____ o'clock ___.M. Executed at _____, within the County of _____, State of _____, on the _____ day of _____, 20____, at _____ o'clock ____ .M. by summoning the within named Corporation, _____ by delivering to _____ _____ President - Vice President - Registered Agent - in person, of the said _____

a true copy of this citation together with the accompanying copy of Plaintiff's FIRST AMENDED petition, having first indorsed on same the date of delivery.

----------000000----------

The distance actually traveled by me in serving such process was _____ miles and my fees are as follows:        To certify which witness by my hand.

| | | |
|---|---|---|
| For Serving Citation | $_____ | Sheriff_____ |
| For Mileage | $_____ | County of_____ |
| For Notary | $_____ | State of_____ |
| Total Fees | $_____ | By_____ |

(Must be verified if served outside the State of Texas)
State of_____
County of_____
Signed and sworn to me by the said_____ before me this_____
day of _____, 20_____, to certify which witness my hand and seal of office.


Seal                                                        State & County of _____

EXHIBIT C9



Chambers of   JUDGE  EMILY TOBOLOWSKY


File Copy




DC-17-04787

CLAYTON BENNETT, II
 vs.
JAMES RIVER INSURANCE COMPANY


Dismissal  date:  08/07/2017


Counsel:

The court  has determined that the above cause/motion has shown little or no progress for an unacceptable period of  time.

Please appear in person before the court administrator on or before dismissal date indicated above to report the status of
Said cause/motion and advise of any action the court may take to facilitate the disposition of this litigation.

If no appearance is made for this docket, the cause/motion will be dismissed for want of prosecution.  This docket will be held at 9:00 a.m.

Thank you for cooperation with our efforts to better manage the dockets of this court.

Sincerely,


EMILY TOBOLOWSKY
DISTRICT JUDGE
298TH DISTRICT COURT, Dallas County, Texas

EXHIBIT C10



Chambers of   JUDGE  EMILY TOBOLOWSKY

RACHEL HATTEN ADAMS
10440 N CENTRAL EXPRESSWAY
SUITE 400
DALLAS TX  75231-2228

DC-17-04787

CLAYTON BENNETT, II
 vs.
JAMES RIVER INSURANCE COMPANY

Dismissal  date:  08/07/2017

Counsel:

The court  has determined that the above cause/motion has shown little or no progress for an unacceptable period of  time.

Please appear in person before the court administrator on or before dismissal date indicated above to report the status of
Said cause/motion and advise of any action the court may take to facilitate the disposition of this litigation.

If no appearance is made for this docket, the cause/motion will be dismissed for want of prosecution.  This docket will be held at 9:00 a.m.

Thank you for cooperation with our efforts to better manage the dockets of this court.

                                                                Sincerely,



                                                                EMILY TOBOLOWSKY
                                                                DISTRICT JUDGE
                                                                298TH DISTRICT COURT, Dallas County, Texas

EXHIBIT C11

FILED
DALLAS COUNTY
7/14/2017 4:29 PM
FELICIA PITRE
DISTRICT CLERK

Case 3:17-cv-01931-G   Document 1-5   Filed 07/20/17   Page 100 of 109   PageID 114

## CAUSE NO. DC-17-04787

| | | |
|---|---|---|
| **CLAYTON BENNETT, II** | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **298th JUDICIAL DISTRICT** |
| **JAMES RIVER INSURANCE COMPANY** | § | |
| | § | |
| **Defendant.** | § | **DALLAS COUNTY, TEXAS** |

## DEFENDANT'S ORIGINAL ANSWER TO PLAINTIFF'S FIRST AMENDED PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant James River Insurance Company files this, its Answer as follows:

## I.
## GENERAL DENIAL

Pursuant to Texas Rule of Civil Procedure 92, Defendant generally denies the allegations contained in Plaintiff's First Amended Petition and demands strict proof by a preponderance of the evidence of all Plaintiff's allegations.

## II.
## SPECIFIC DENIAL

Defendant James River specifically denies that all conditions precedent to Plaintiff's claim for recovery under the insurance policy made the basis of this suit have been properly met or satisfied. Specifically, Plaintiff has not shown that he is "legally entitled" to recover underinsured motorist benefits in this case. Under Texas law, an insurer is not obligated to pay underinsured motorist benefits until a judgment has established both the negligence of the allegedly underinsured motorist and the damages that were proximately caused by such negligence.

---

## II.
## AFFIRMATIVE DEFENSES

In the event that any settlement has been reached or will be reached between Plaintiff and any other Defendant to this litigation, and is made known to Defendant James River and to this Court, Defendant James River reserves its rights under the Texas Civil Practice and Remedies Code § 33.012 regarding the election of credit for such settlement and reduction in the amount of damages to be received by Plaintiff as to any settlements that may be reached.

Defendant James River also invokes §18.091 of the Texas Civil Practice and Remedies Code and requests that to the extent that Plaintiff seeks recovery for loss of earnings, loss of earning capacity, loss of contributions of a pecuniary value, or a loss of inheritance, that the evidence to prove such loss must be presented in the form of a net loss after reduction for income tax payments or unpaid tax liability.

Defendant James River invokes §41.0105 of the Texas Civil Practice and Remedies Code and requests that to the extent Plaintiff seeks recovery of medical or healthcare expenses, the evidence to prove such loss be limited to the amount actually paid by or on behalf of the Plaintiff as opposed to the amount charged.

## III.
## REQUESTS FOR DISCLOSURE

Under Texas Rule of Civil Procedure 194, Plaintiff is requested to disclose, within thirty days of service of this request, the information or material described in Texas Rule of Civil Procedure 194.2.

# IV.
# PRAYER

Defendant James River respectfully prays that Plaintiff take nothing by reason of his suit herein, and that Defendant recovers its costs.

Respectfully submitted,

*/s/ Lisa A. Songy*
Lisa A. Songy
State Bar No. 00793122
LisaS@tbmmlaw.com
Aaron Stendell
State Bar No. 24073062
AaronS@tbmmlaw.com

TOLLEFSON BRADLEY MITCHELL & MELENDI, LLP
2811 McKinney Avenue, Suite 250 West
Dallas, Texas  75204
(214) 665-0100 Telephone
(214) 665-0199 Facsimile
**ATTORNEYS FOR DEFENDANT
JAMES RIVER INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

This is to certify that on the 14th day of July 2017, a true and correct copy of the foregoing was served upon counsel of record via electronic filing as follows:

Rachel Hatten Adams
rachel.hatten@ewlawyers.com
Amy K. Witherite
amy.witherite@ewlawyers.com
10440 N. Central Expressway, Suite 400
Dallas, Texas 75231-2228
214-378-6665
(Fax) 214-378-6670

*/s/ Lisa A. Songy*
Lisa A. Songy

EXHIBIT C12

298TH DISTRICT COURT
GEORGE L. ALLEN, SR. COURTS BUILDING
600 COMMERCE STREET
DALLAS, TEXAS  75202-4604

July 18, 2017

LISA A SONGY
TOLLEFSON BRADLEY MITCHELL & MELENDI LLP
2811 MCKINNEY AVE
SUITE 250 WEST
DALLAS TX  75204

DC-17-04787
CLAYTON BENNETT, II  vs.  JAMES RIVER INSURANCE COMPANY

ALL COUNSEL OF RECORD/PRO SE LITIGANTS:

PLEASE TAKE NOTE OF THE FOLLOWING SETTINGS:

JURY TRIAL:    04/30/2018 @ 9:00 AM

TRIAL ANNOUNCEMENTS MUST BE MADE IN ACCORDANCE WITH RULE 3.02, LOCAL RULES OF
THE CIVIL COURT OF DALLAS COUNTY, TEXAS.

WHEN NO ANNOUNCEMENT IS MADE FOR DEFENDANT, DEFENDANT WILL BE PRESUMED READY.
IF NO PLAINTIFF FAILS TO ANNOUNCE OR TO APPEAR AT TRIAL, THE CASE WILL BE DISMISSED
FOR WANT OF PROSECUTION IN ACCORDANCE WITH RULE 165a, TEXAS RULES OF CIVIL
PROCEDURE.

COMPLETION OF DISCOVERY, PRESENTATION OF PRETRIAL MOTIONS AND OTHER MATTERS
RELATING TO PREPARATION FOR TRIAL ARE GOVERNED BY THE TEXAS RULES OF CIVIL
PROCEDURE.

PLEASE FORWARD A COPY OF THIS NOTICE TO COUNSEL OF RECORD FOR EACH PARTY AND ALL
PRO SE PARTIES BY A METHOD APPROVED IN TEXAS RULES OF CIVIL PROCEDURE 21a.

SINCERELY,

EMILY TOBOLOWSKY
JUDGE, 298TH DISTRICT COURT
DALLAS COUNTY, TEXAS

Cc:
RACHEL HATTEN ADAMS; LISA A SONGY

EXHIBIT C13

298TH DISTRICT COURT
GEORGE L. ALLEN, SR. COURTS BUILDING
600 COMMERCE STREET
DALLAS, TEXAS  75202-4604

July 18, 2017

RACHEL HATTEN ADAMS
10440 N CENTRAL EXPRESSWAY
SUITE 400
DALLAS TX  75231-2228

DC-17-04787
CLAYTON BENNETT, II  vs.  JAMES RIVER INSURANCE COMPANY

ALL COUNSEL OF RECORD/PRO SE LITIGANTS:

PLEASE TAKE NOTE OF THE FOLLOWING SETTINGS:

JURY TRIAL:    04/30/2018 @ 9:00 AM

TRIAL ANNOUNCEMENTS MUST BE MADE IN ACCORDANCE WITH RULE 3.02, LOCAL RULES OF
THE CIVIL COURT OF DALLAS COUNTY, TEXAS.

WHEN NO ANNOUNCEMENT IS MADE FOR DEFENDANT, DEFENDANT WILL BE PRESUMED READY.
IF NO PLAINTIFF FAILS TO ANNOUNCE OR TO APPEAR AT TRIAL, THE CASE WILL BE DISMISSED
FOR WANT OF PROSECUTION IN ACCORDANCE WITH RULE 165a, TEXAS RULES OF CIVIL
PROCEDURE.

COMPLETION OF DISCOVERY, PRESENTATION OF PRETRIAL MOTIONS AND OTHER MATTERS
RELATING TO PREPARATION FOR TRIAL ARE GOVERNED BY THE TEXAS RULES OF CIVIL
PROCEDURE.

PLEASE FORWARD A COPY OF THIS NOTICE TO COUNSEL OF RECORD FOR EACH PARTY AND ALL
PRO SE PARTIES BY A METHOD APPROVED IN TEXAS RULES OF CIVIL PROCEDURE 21a.

SINCERELY,

EMILY TOBOLOWSKY
JUDGE, 298TH DISTRICT COURT
DALLAS COUNTY, TEXAS

Cc:
RACHEL HATTEN ADAMS; LISA A SONGY

EXHIBIT C14

298TH DISTRICT COURT
GEORGE L. ALLEN, SR. COURTS BUILDING
600 COMMERCE STREET
DALLAS, TEXAS  75202-4604

July 18, 2017

File Copy


DC-17-04787
CLAYTON BENNETT, II  vs.  JAMES RIVER INSURANCE COMPANY


ALL COUNSEL OF RECORD/PRO SE LITIGANTS:

PLEASE TAKE NOTE OF THE FOLLOWING SETTINGS:

JURY TRIAL:    04/30/2018 @ 9:00 AM

TRIAL ANNOUNCEMENTS MUST BE MADE IN ACCORDANCE WITH RULE 3.02, LOCAL RULES OF
THE CIVIL COURT OF DALLAS COUNTY, TEXAS.

WHEN NO ANNOUNCEMENT IS MADE FOR DEFENDANT, DEFENDANT WILL BE PRESUMED READY.
IF NO PLAINTIFF FAILS TO ANNOUNCE OR TO APPEAR AT TRIAL, THE CASE WILL BE DISMISSED
FOR WANT OF PROSECUTION IN ACCORDANCE WITH RULE 165a, TEXAS RULES OF CIVIL
PROCEDURE.

COMPLETION OF DISCOVERY, PRESENTATION OF PRETRIAL MOTIONS AND OTHER MATTERS
RELATING TO PREPARATION FOR TRIAL ARE GOVERNED BY THE TEXAS RULES OF CIVIL
PROCEDURE.

PLEASE FORWARD A COPY OF THIS NOTICE TO COUNSEL OF RECORD FOR EACH PARTY AND ALL
PRO SE PARTIES BY A METHOD APPROVED IN TEXAS RULES OF CIVIL PROCEDURE 21a.

SINCERELY,


EMILY TOBOLOWSKY
JUDGE, 298TH DISTRICT COURT
DALLAS COUNTY, TEXAS

Cc:
RACHEL HATTEN ADAMS; LISA A SONGY