UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CLAYTON BENNETT, II; | § § § § | |
| Plaintiff, | § § | |
| VS. | § | CIVIL ACTION NO. 3:17-CV-1931-G |
| | § | |
| JAMES RIVER INSURANCE COMPANY; | § § § | |
| Defendant. | § | |

## JOINT STATUS REPORT

TO THE HONORABLE JUDGE FISH,

Now Come the parties, and submit this status report in response to the Court's Status Report Order (Doc. 4) and would show unto the Court the following:

### Conference

Counsel conferred via telephone regarding the contents of this report on August 11, 2017.

### Report Requirements

1. **A brief statement of the nature of the case, including the contentions of the parties.**

This is an insurance dispute regarding underinsured motorist benefits. On April 25, 2017, Plaintiff commenced an action in the 298th District Court of Dallas, Texas, Cause No. DC-17-04787 against James River Insurance Company seeking judgment against Defendant for injuries that Plaintiff

allegedly suffered as a result of a motor vehicle collision that occurred on June 22, 2015 near the intersection of East Frontage Road and Glenville Drive in Dallas, Texas.  Plaintiff contends that an underinsured driver, Cole Sotzen, was operating his vehicle behind Plaintiff's vehicle in the same lane and headed in the same direction. Cole Sotzen failed to control his speed colliding hard with the back of Plaintiff's vehicle. Plaintiffs claim against Defendant are based on theories of Declaratory Judgment.

Defendant James River Insurance Company ("James River") denies that Plaintiff is entitled to the relief sought and that it has a duty to indemnify Plaintiff. A condition precedent to recovery of underinsured motorist benefits under the policy at issue requires Plaintiff to show that he is legally entitled to recover underinsured motorist benefits for the incident that forms the basis of this lawsuit. He must establish both the liability of the alleged underinsured driver as well as that his damages exceed all available offsets and credits. As such, all conditions precedent to recovery have not been met or occurred. James River contends that, if any settlement has been or will be reached between Plaintiff and any other Defendant, James River receive credit for such settlement and that the amount of damage to be received by Plaintiff from James River, if any, be reduced by any such settlement amount. James River contends that Plaintiff is not entitled to attorney's fees because James River did not breach its contract with Plaintiff nor may Plaintiff circumvent well

established Texas law regarding underinsured motorist coverage by pleading the matter as a "declaratory judgment action." James River contends that Plaintiff failed to cooperate and failed to provide requested documents. James River contends that it is entitled to an offset for PIP and all liability proceeds. James River contends that Plaintiff may only recover medical or health expenses to the amount Plaintiff actually paid or incurred. James River contends that Plaintiff's recovery of loss of earnings or loss of earning capacity, if any, is limited to an amount after reduction for income tax payments or unpaid tax liability.

2. **Any challenge to jurisdiction or venue.**

   Neither party challenges jurisdiction nor venue.

3. **Any pending motions.**

   There are currently no motions pending.

4. **Any matters which require a conference with the court.**

   There are currently no matters which require a judicial conference.

5. **Likelihood that other parties will be joined.**

   The parties do not anticipate joining additional parties. Pleadings may need to be amended after discovery.

6. **(a) An estimate of the time needed for discovery, with reasons, and (b) a specification of the discovery contemplated.**

   a. The parties request at least nine (9) months for discovery to exchange written discovery and take party depositions.

   b. Discovery on liability and damages will be required.

7. **Requested trial date, estimated length of trial and whether jury has been demanded.**

   The parties request a trial date in October 2018.  The parties contemplate a 2-3 day trial.  A jury has been demanded.

8. **Whether the parties will consent to trial (jury or non-jury) before United States Magistrate Judge per 28 U.S.C.A. § 636(c).**

   The parties do not consent to trial of this case before a Magistrate Judge.

9. **Prospects for settlement, and status of any settlement negotiations.**

   The parties are not in a position to discuss settlement at this time, as there has been no discovery.

10. **What form of alternative dispute resolution (e.g., mediation, arbitration, summary jury trial) would be appropriate for resolving this case and when it would be most effective (e.g., before discovery, after limited discovery, at the close of discovery).**

    The parties believe that referral of this case to early mediation may be appropriate.  The parties propose to mediate after an initial exchange of documents and the deposition of Plaintiff, but before expert designations and recommend a deadline of August 31, 2018. The parties have agreed upon mediator, Karen Gammon.

11. **Any other matters relevant to the status and disposition of this case.**

    There are no other relevant matters to the status and disposition of this case.

Respectfully submitted,

**EBERSTEIN & WITHERITE, LLP**

BY: _____

**RACHEL HATTEN ADAMS**
State Bar No. 24101883
rachel.hatten@ewlawyers.com
**AMY K. WITHERITE**
State Bar No. 00788698
amy.witherite@ewlawyers.com
10440 N. Central Expressway
Suite 400
Dallas, TX 75231-2228
214/378-6665
214/378-6670 (fax)

**ATTORNEYS FOR PLAINTIFF**

**TOLLEFSON, BRADLEY, MITCHELL & MELENDI, LLP**

BY: */s/ Lisa A. Songy*
**LISA A. SONGY**
State Bar No. 00793122
lisas@tbmmlaw.com
**AARON STENDELL**
State Bar No. 24073062
aarons@tbmmlaw.com
2811 McKinney Avenue, Suite 250 West
Dallas, TX 75204
214/665-0100
214/665-0199 (fax)

**ATTORNEYS FOR DEFENDANT**